**Louis Phillip GRASSE, Appellant,**

v.

**Pamela J. GRASSE n/k/a Pamela J. Schindeler, Respondent.**

**No. ED 89264.**

Missouri Court of Appeals,
Eastern District,
Division Two.

April 8, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 15, 2008.

Application for Transfer Denied
June 24, 2008.

LGA Repurchase Company, L.L.C., thereby depriving her of substantial marital property. The trial court set aside the dissolution judgment "for good cause shown," but without specifying the grounds for its decision. We hold that the dissolution judgment, which was entered upon affidavits for judgment and incorporated the parties' separation agreement, is not a default judgment, but rather a consent judgment. Accordingly, Rule 74.05(d), the rule for setting aside default judgments, does not apply. Because the dissolution judgment is a consent judgment, the judgment cannot be set aside for excusable neglect. Although a consent judgment can be set aside due to fraud, Wife failed to plead and prove fraud. Therefore, we reverse the judgment setting aside the dissolution judgment and remand the cause for reinstatement of the dissolution judgment.[1]

Jerome S. Kraus, Lori R. Koch, St. Louis, MO, for appellant.

Nathan S. Cohen, Clayton, MO, for respondent.

LAWRENCE E. MOONEY, Presiding Judge.

Louis Phillip Grasse, Husband, appeals the trial court's judgment setting aside a dissolution judgment, which had divided property between him and Pamela J. Grasse, Wife. Wife sought to have the dissolution judgment set aside as a default judgment. She alternatively sought to have the dissolution judgment set aside due to excusable neglect and fraud. Wife alleged that Husband had misrepresented the true value of the two family businesses, L. Grasse & Associates, Inc. and

*Factual & Procedural Background*

Husband and Wife married in May of 1981. They have two children, born in 1986 and 1993, who were not yet emancipated when these proceedings were initiated. Husband and Wife separated, in September of 2005, after twenty-four years of marriage.

After two months of separation, Husband and Wife entered into a "Marital Dissolution Agreement." This agreement addressed child custody, child support, payment of college expenses for the children, maintenance, and division of property. Husband and Wife specifically addressed the two companies, whose valuations are central to this appeal. The agreement stated that as of February 28, 2005, the current book value of L. Grasse & Associates, Inc. and LGA Repurchase Company, L.L.C. was

---

1. We deny all pending motions.

$769,627.00. The agreement further stated that "Pam does not wish to have any ownership and is accepting the approximate $375,000.00 cash from the sale of the home in lieu of any business ownership. Lou will maintain ownership of these two companies as is." This marital-dissolution agreement is dated November 5, 2005, and was signed by Husband and Wife on November 9, 2005.

Just over a week later, on November 17th, Husband filed a petition for dissolution of marriage. Husband attached a statement of property to his petition, which listed a present value of $755,300.00, with $40,300 owed, for L. Grasse & Associates, and a present value of $14,288.00 for LGA Repurchase. Wife picked up the summons and a copy of the petition for dissolution of marriage and Husband's financial statements from the St. Louis County Sheriff the following day, on November 18, 2005. Although previously represented, as of November 17th, Wife had discharged her attorney and was no longer represented by counsel.

Nearly a month later, on December 16th, Husband and Wife entered into a "Separation Agreement." In entering into this agreement, Husband and Wife stated that they considered it in their best interests to settle between themselves their prospective rights, claims, and obligations growing out of the marriage relationship. The agreement further provides that each par-ty has had the opportunity to seek advice of counsel, and that each party has made a full disclosure to the other of all properties and assets owned by each of them. Husband and Wife agreed that this separation agreement would be incorporated into any dissolution judgment, and that the agreement shall thereafter be binding and conclusive on the parties.

Similar to their previous marital-dissolution agreement, Husband and Wife here also addressed child custody, child support, health and educational expenses for the children, maintenance, taxes, debts, attorney's fees, and disposition of property. Husband and Wife agreed that all of Husband's corporate stock in L. Grasse & Associates and all membership units of LGA Repurchase were to be set apart to Husband as his separate property. The separation agreement does not state a value for the companies. Husband and Wife agreed to sell the marital residence. The parties further agreed that upon sale of the marital residence, Wife was to receive the first $375,000.00 of any proceeds from the sale, after the mortgage and home-equity loan was paid, as a division of marital property. If any proceeds remained after this payment to Wife, the parties agreed to divide those remaining proceeds, 50% to Wife and 50% to Husband.

On December 20th, four days after signing this separation agreement, Husband and Wife each executed a separate Affidavit for Judgment.[2] Husband and Wife

---

2. The affidavits for judgment were filed pursuant to Local Rule 68.8, which provides that final orders in a proceeding for dissolution of marriage may be entered upon the affidavits of either or both parties, under certain circumstances. The rule, in its entirety, reads as follows:

ENTRY OF JUDGMENT UPON AFFIDA-VIT–REQUIREMENTS
(1) Final Orders Entered—When. Final orders in a proceeding for dissolution of marriage or legal separation, motions to modify, and actions for declaration of paternity may be entered upon the affidavit of either or both parties when:
(a) There are no minor children of the mother and father and the mother is not pregnant, or one of the parties is represented by counsel and the parties have entered into a written agreement determining custody and child support; and

both avowed that they and their spouse had entered into a separation agreement which divided all of their marital and non-marital property. They both declared that the agreement was fair and reasonable, and that it was not unconscionable. And then they both requested that the court incorporate the December 16ᵗʰ separation agreement into its judgment.

On this same date, December 20ᵗʰ, the family court entered its judgment, dissolving the marriage of Husband and Wife. This dissolution judgment notes that the cause was submitted on the affidavits of Husband and Wife. The court awarded Husband and Wife joint legal and physical custody of the children, approved the parties' parenting plan, ordered Husband to pay child support, awarded no maintenance to either party, and restored Wife's maiden name. These orders and awards are all consistent with the terms of Husband and Wife's December 16ᵗʰ separation agreement. The court also ordered that all property and debt be divided according to that same separation agreement. The court found that the separation agreement was not unconscionable and incorporated the agreement as part of its judgment. Husband and Wife both signed the dissolution judgment. A copy of this judgment was mailed to Wife on this same date, December 20, 2005.

Nearly one year later, on December 4, 2006, Wife filed a motion to set aside the dissolution judgment. In her motion, supporting memorandum, and affidavit, Wife alleged that Husband failed to adequately disclose all his assets and that he under-reported his income on his statements of income, expenses, and property. Wife also alleged that Husband intentionally concealed the value of his assets during the parties' negotiations. She further alleged that Husband altered documents to suppress the value of the two companies, L. Grasse & Associates and LGA Repurchase. Wife maintained that the companies were worth more than Husband revealed. Specifically, Wife alleged that during the course of their negotiations regarding the terms of their divorce settlement, Husband represented to her that the two companies were worth $210,000 when, according to Wife, the businesses were actually valued in excess of one million dollars. Wife asserted that the lower value was used as the basis of their settlement discussions, and that Husband's actions resulted in an excessively disproportionate award, depriving her of substantial marital property.

> (b) The adverse party has been served in a manner provided by Missouri Rules of Civil Procedure or has formally filed a verified entry of appearance or responsive pleadings; and
> (c) There is no genuine issue as to any material fact; and
> (d) There is no marital property to be divided or the parties have entered into a written agreement for the division of their marital property.
> (2) Affidavit—Filing. If one party desires to submit the matter for entry of final orders upon affidavit, the submitting party shall file an affidavit setting forth sworn testimony showing the court's jurisdiction and factual averments suffi-
>
> cient to support the relief requested in the proceeding, together with a copy of the proposed decree or order, a copy of any written agreement proposed for adoption by the court, a completed Form 14, and any other supporting evidence. The filing of such affidavit shall not be deemed to shorten any statutory waiting period required for entry of a decree of dissolution or decree of legal separation.
> (3) Hearing Required—When. The court shall not be bound to enter a decree or order upon the affidavit of either or both parties, but the court may, upon its own motion, require that a formal hearing be held to determine any or all issues presented by the pleadings.

Husband filed a reply and a memo in opposition to Wife's motion, and submitted his own affidavit, denying Wife's allegations. After hearing argument of counsel, the trial court set aside the dissolution judgment "for good cause shown." Husband now appeals.

## Discussion

 At the outset, we are constrained to address the nature of the dissolution judgment. Wife contends the judgment is a default judgment. She maintains this position because she filed neither an entry of appearance nor an answer, and because the "Respondent remains in default" box is checked on the first page of dissolution judgment. Accordingly, she sought to have the dissolution judgment set aside pursuant to Supreme Court Rule 74.05(d), the rule for setting aside default judgments. Under Rule 74.05(d), a court may set aside a default judgment upon motion stating facts constituting a meritorious defense and for good cause shown. As compared to Rule 74.06, which authorizes the setting aside of final judgments, Rule 74.05(d) contains a less stringent standard for setting aside a judgment. *Cotleur v. Danziger*, 870 S.W.2d 234, 236 (Mo. banc 1994). Rule 74.05 only attends, however, when the judgment entered is a "default judgment." *Weidner v. Anderson*, 174 S.W.3d 672, 679 (Mo.App. S.D.2005).

 We hold, however, that the dissolution judgment is not a default judgment. Rules 74.05(a) and 74.05(b) authorize a court to enter a default judgment, or interlocutory order of default, where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend...." "Ordinarily, a judgment is said to be a default judgment within the meaning of Rule 74.05 if it results solely from the failure of a party to answer a pleading or otherwise de-

fend...." *Weidner*, 174 S.W.3d at 679. In deciding which rule governs, Rule 74.05 or 74.06, the inquiry is often fact-driven. *Weidner*, 174 S.W.3d at 679 (citing *Estep v. Atkinson*, 886 S.W.2d 668 (Mo.App. S.D. 1994)). While it is true that Wife did not file an answer, this is not why the trial court entered judgment. The trial court entered judgment here because the parties had agreed to the terms of their separation and divorce, and then filed affidavits for judgment, which requested that the court enter judgment in accordance with their agreement. Wife actively participated in the process to have judgment entered. She engaged in negotiations and discussions with Husband over the terms of their separation. She reviewed and signed documents, setting out the terms of their separation agreement. She filed an affidavit for judgment. And she signed the dissolution judgment. Such actions preclude a finding that the dissolution judgment is a default judgment as contemplated by Rule 74.05. And because we hold that this dissolution judgment is not a default judgment, Rule 74.05(d), the rule for setting aside default judgments, does not apply. The trial record is silent as to which of the various rules invoked by Wife the trial court relied on in setting aside the dissolution judgment, stating only that it was setting aside the judgment "for good cause shown." To the extent the trial court relied upon Rule 74.05(d) in setting aside the dissolution judgment, the trial court erred.

 Wife alternatively sought to set aside the dissolution due to "excusable neglect" pursuant to Rule 74.06(b). However, if a judgment, such as the one at issue in this case, conforms to the parties' agreement, it will not be set aside on the ground of excusable neglect. *See Haller v. Wallis*, 89 Wash.2d 539, 573 P.2d 1302, 1305 (1978)(quoting 3 E. Tuttle, A Treatise of

the Law of Judgments § 1352 (5th ed. rev.1925) at 2776–77); *see also,* 49 C.J.S. *Judgments* § 372 (1997). The dissolution judgment here, entered because the parties had come to an agreement and had filed affidavits for judgment, entirely conforms to the parties' agreement. Thus, it cannot be set aside on the basis of excusable neglect. To the extent the trial court relied upon Rule 74.06(b) in setting aside the default judgment, the trial court erred.

■ The judgment here is a consent judgment. Generally, without consent of the parties, a consent judgment "will not be opened, set aside or vacated in the absence of adequate grounds, such as want of consent, fraud, collusion, or mutual mistake of fact." *Ratermann v. Ratermann,* 485 S.W.2d 80, 84 (Mo.1972). Courts of this state have consistently held that a separation agreement and a judgment distributing the marital property in accordance with that agreement can be set aside upon the basis of fraud in the procurement of that separation agreement. *Mitchell v. Mitchell,* 888 S.W.2d 393, 396 (Mo.App. E.D.1994); *In re Marriage of Turner,* 803 S.W.2d 655, 658 (Mo.App. S.D. 1991). Such a remedy is only available, however, when the moving party carries its burden of establishing the traditional elements of fraud, which are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of the falsity; (5) his intent that the statement should be acted upon by the other party in the manner contemplated; (6) that party's ignorance of the falsity; (7) reliance on the truth; (8) the right to rely thereon; and (9) injury. *Mitchell,* 888 S.W.2d at 396–7; *Turner,* 803 S.W.2d at 658.

■ Wife here also invoked the fraud provisions of Rules 74.06(b) and 74.06(d) as alternative grounds for setting aside the dissolution judgment. Essentially, Wife argued that the judgment was procured through fraud on the part of Husband. However, Wife failed to carry her burden of pleading and establishing fraud.

To begin, Wife was required to plead the presence of fraud with particularity. Rule 55.15. She did not do so. Wife's motion and supporting argument consist of nothing more than vague, generalized assertions and bare conclusions, which do not even reference the elements of fraud.

■ Secondly, Wife failed to produce evidence of fraud. Wife's affidavit and the attached documents, the only evidence submitted to the trial court, do not provide factual support for Wife's conclusory allegations of fraud. At the very heart of Wife's motion is her claim that Husband misrepresented the value of the two family businesses. Wife alleged that Husband represented to her that the two companies were worth $210,000.00. In support, Wife submitted a document that she contends was "corrected" by Husband to indicate this lower value for the businesses. Wife's evidence does not support her allegations. The document submitted by wife has a variety of numbers handwritten on various portions of the typed document. However, the handwritten notations upon which Wife relies are not valuations of the companies. They appear to be statements of the amount invested in the two companies. Her evidence of "valuations" takes no account of other entries of assets and liabilities on the same document. It is also true that the document likely reflects book value rather than market value. Wife also claimed that, contrary to Husband's alleged representation, the value of the businesses actually "exceeded one million dollars." In support, Wife submitted a document that she contends shows L. Grasse & Associates alone has a value that exceeds one and one-half million dollars. Again, Wife's evidence fails her. Rather, the document shows only that the compa-

ny had *total assets* of one and one-half million dollars. As Husband correctly notes, the value of a business is not the same as the value of the assets. Wife disregards that the companies are burdened with liabilities. In sum, Wife failed to plead and prove facts demonstrating fraud. To the extent the trial court relied on Rule 74.06 in setting aside the dissolution judgment, the trial court erred.

Based on the foregoing, we reverse the trial court's judgment setting aside the dissolution judgment and we remand the cause with directions to reinstate the dissolution judgment of December 20, 2005.

BOOKER T. SHAW, J., and NANNETTE A. BAKER, J., concur.