**Sheila R. ANDERSON (Moss), Respondent,**

v.

**Sheldon C. ANDERSON, Appellant.**

**No. WD 46558.**

Missouri Court of Appeals, Western District.

May 18, 1993.

Steven D. Wolcott, Withers, Brant, Howard & Mullennix, P.C., Liberty, for appellant.

Thomas E. Perrine, Kansas City, for respondent.

Before ULRICH, P.J., and BRECKENRIDGE and HANNA, JJ.

ULRICH, Judge.

Sheldon C. Anderson appeals from the trial court's order modifying the decree which dissolved his marriage with Sheila R. Anderson (Moss). The modification order changed the child custody and support provisions of the decree. The decree provided the natural parents joint legal and physical custody of the child born of the marriage, Shyla Kristin Anderson, who was fifteen months old at the time of the dissolution. The modification order directed that the parties maintain joint legal custody of Shyla but that Mrs. Moss have primary physical custody of her daughter. Additionally, the modification order required Mr. Anderson to pay the sum of $497 per month child support.

Mr. Anderson appeals the modification order and a posttrial order denying Mr. Anderson's motion for a new trial and re-

fusing to reopen the case for further evidence as to child support and visitation. He asserts three points on appeal. He contends as point (1) that (a) no substantial evidence was presented that demonstrated a change had occurred in the circumstances of the child or the child's custodian, and that (b) the modification order was unnecessary to serve the best interest of the child. As his point (2) on appeal, Mr. Anderson contends that the evidence did not support Mrs. Moss's Form 14 figures, because, he claims, Mrs. Moss's income was voluntarily reduced, and, therefore, the court should have inferred the appropriate income for Mrs. Moss. As point (3), Mr. Anderson claims that the court erred in overruling his motion for a new trial or, in the alternative, declining to reopen the case, on the issue of child support because, he contends, the attached affidavit to his motion constituted sufficient good cause for the trial court to grant his motion. The judgment is affirmed in part, reversed in part, and remanded for additional evidence.

The marriage between Sheila R. Moss and Sheldon C. Anderson was dissolved on August 14, 1990. The decree of dissolution provided that the parties would share joint physical and legal custody of their daughter, Shyla Kristin Anderson. Shyla was born to the marriage on May 18, 1989. She was fifteen months old when the decree of dissolution was entered. The decree did not provide child support to either party.

The parties agreed to share Shyla's legal and physical custody. The trial court concurred. The joint physical and legal custody plan agreed to by the parties and assimilated into the decree provided that the parents would jointly make many specific essential parenting decisions. The decree stated that if the parties were unable to agree to periods of Shyla's physical custody, they were to submit the dispute to the court of competent jurisdiction.

Mrs. Moss filed her motion to modify the decree of dissolution on April 29, 1991. She alleged a change of circumstances so substantial and continuing as to make the terms of the original decree unreasonable, claiming specifically that (1) the parties were unable to agree on a joint physical custody plan involving their daughter, and that (2) because attempts to continue the joint physical custody plan had confused Shyla, the custody provisions provided by the original decree were not in Shyla's best interest.

On June 6, 1991, Mr. Anderson filed a motion to dismiss Mrs. Moss's motion to modify and a cross motion to modify the decree. He contended that Mrs. Moss's motion to modify failed to state sufficient change of circumstance to require modification of the decree. Mr. Anderson's cross motion to modify the decree alleged a continuing change of circumstance requiring modification of the decree's joint physical and legal custody provisions for Shyla.

At the hearing before the trial court on April 8, 1992, Mrs. Moss produced evidence in her effort to prove a substantial change in circumstance justifying a change in the child custody and support provisions of the decree. She testified that she and Mr. Anderson were unable to agree on specific custody provisions regarding Shyla. She stated that her daughter was developing problems with her eating and sleeping habits because of her daughter's frequent transfer from one parent to the other and the different attitudes of each parent regarding Shyla's eating and sleeping patterns. She also noted the difference in disciplinary styles of the two parents as a source of confusion for Shyla. Additionally, Mrs. Moss claimed that because Shyla was older, Shyla's needs had changed. Mrs. Moss noted that as Shyla grew older she required greater attention from Mrs. Moss. When Mrs. Moss was working nights as a waitress, she was not able to satisfy her daughter's needs during the day because of her own need for sleep. To accommodate her daughter, Mrs. Moss was forced to change her work hours from a night schedule to a day schedule. Mrs. Moss stated that the joint physical custody plan originally agreed to by the parties and directed by the decree of dissolution had become unworkable.

Mrs. Moss testified that she had experienced a reduction in her income since she

began working days as a waitress, for she no longer received the night manager's wages and substantially greater tips she had earned while working nights. Mrs. Moss introduced her completed Form 14, which included the calculation for the presumed required amount of child support, and asked that she be awarded $497.00 per month in child support pursuant to the Form 14 calculations.

Mr. Anderson moved to dismiss Mrs. Moss's motion to modify at the close of Mrs. Moss's evidence. Mr. Anderson's motion claimed that Mrs. Moss had failed to prove a substantial change in circumstances. The motion was overruled.

Mr. Anderson presented evidence. He testified that he desired to see his daughter at least as often as he had under the original decree and that the joint physical custody plan should be continued. He testified that he had not observed his daughter manifest the negative behavioral patterns that Mrs. Moss had asserted during her testimony.

Following the hearing, the court, on May 26, 1992, made specific findings of fact and conclusions of law. The court found that there existed a change of circumstances so substantial and continuing as to make the terms of the decree unreasonable. The court stated: "The parties are now unable to agree on a joint physical custody plan" and "the minor child's sleeping habits, dietary patterns, and emotional growth are adversely affected by the efforts to continue a joint physical custody plan." The court also determined that each of the parties had remarried and that Mrs. Moss had experienced a significant reduction in her income. The court found that the best interests of the minor child required that she be placed in Mrs. Moss's primary physical custody and that the parties continue joint legal custody. The court directed that Mrs. Moss be awarded $497 a month as child support, calculated pursuant to Mrs. Moss's completed Form 14, which had been filed and submitted as evidence. The court also ordered that Mr. Anderson have specific visitation rights with Shyla, with direction that the father's and daughter's

visitation rights were not limited to those specified and that additional reasonable visitation should be experienced by Shyla and her father.

Mr. Anderson filed a posttrial motion for a new trial or, in the alternative, to amend the court's judgment or to reopen the trial for additional evidence. Mr. Anderson desired an opportunity to present additional evidence regarding his reduction of income in an effort to reduce the child support award, and he sought to expand his specific visitation rights with the minor child. The motion was argued before the court on July 1, 1992. The court overruled the motion, and Mr. Anderson appealed from the order modifying the decree and from the court's order denying his posttrial motion.

Review of this case is pursuant to the provisions of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The trial court's judgment will be sustained unless Mr. Anderson shows that there is no substantial evidence to support the trial court's decision, that the court's judgment is against the weight of the evidence, or that the trial court erroneously declared or applied the law. *Id.* at 32.

## I.

Mr. Anderson's point (1) on appeal claims that the court erred in modifying the dissolution decree to eliminate the provisions of Shyla's joint physical custody between the parties because no substantial evidence was presented that (a) a change in circumstance had occurred and that (b) the modification was necessary to satisfy the best interests of the child.

The original decree included the joint custody plan agreed upon by the parties. The plan directed that significant and less significant decisions affecting Shyla would be made by the parties collectively. The plan enumerated both conceptual and specific decisions regarding Shyla that the parties would make. One provision provided that the parties shall "exercise his or her best effort to accommodate the social and academic commitments of the child." Another provision provided for joint decision making, requiring that "the parties herein

shall confer with each other and share the decision making authority, keeping in mind the best interest of the child." The plan listed topics which required a joint decision by the parties. Selecting doctors required by Shyla, setting Shyla's curfew, choosing the manner in which Shyla would be disciplined, and "all other material decisions affecting the health, education and welfare of the child" were included in the list. The plan also provided for the parties to "define those periods of time when the child shall be with each parent." The plan provided that if the parties were unable to agree regarding the periods of custody each should have with Shyla, "they hereby agree to submit the dispute to a court of competent jurisdiction for resolution of that dispute." Arguably conflicting and legally unenforceable, the agreement also provided that should the parties be unable to resolve any dispute or misunderstanding occurring as a result of the plan, they "shall submit the disagreement for mediation to the circuit court of Clay County."

The joint custody plan agreed to by the parties and incorporated into the decree of dissolution required substantial cooperation between the parties. Agreement of the parties was the essence of the plan. Without agreement between the parties as to any issue confronting them regarding their daughter, the plan would be unworkable. The parties and the court recognized the importance of cooperation between the parties to effect the joint custody plan and to satisfy Shyla's needs, for the plan itself provided that the parties were compelled to seek resolution in a court of competent jurisdiction when the parties were unable to agree. The evidence presented during the modification hearing, however, indicated that the parties could not agree on significant decisions affecting their daughter.

Section 452.410, RSMo 1992, provides for modification of a dissolution decree if the court with proper jurisdiction

finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child.

The trial court determined that the parties were unable to agree on the joint physical custody plan, that the minor child's sleeping habits, dietary pattern and emotional growth were adversely affected by the efforts to continue the joint custody plan, and the best interest of the minor child required that the joint custody provision be terminated and that Mrs. Moss have primary physical custody of Shyla. A daily commitment by both parties to the terms of the joint custody plan was vital to the plan's success. Because the parties could not agree on the essential decisions affecting Shyla, the plan was unworkable. Substantial evidence supported the trial court's decision to terminate the parties' joint physical custody of Shyla and to award primary physical custody of Shyla to Mrs. Moss. Point one is denied.

## II.

■ Mr. Anderson's second point on appeal contends that the trial court erred in entering the presumed amount of child support of $497 as submitted by Mrs. Moss on her Form 14. Mr. Anderson claims that the evidence did not support Mrs. Moss's income as submitted in her Form 14 and that the trial court failed to consider Mrs. Moss's income before she voluntarily reduced it by changing her employment from working as a waitress at night to working as a waitress in the daytime.

Mrs. Moss testified at the hearing that her monthly income since she began working days totaled $1,041 including tips. She testified that she averaged approximately $100 to $150 per week in tips. She said that when she worked nights, her tips amounted to approximately $500 to $700 per week. When she worked nights, Mrs. Moss was also paid the night manager's wages. She acknowledged that changing her work schedule from nights to days substantially reduced her income.

Mr. Anderson directs the court's attention to the case of *Devries v. Devries*, 804 S.W.2d 825 (Mo.App.1991). Among the points the appellant raised in *Devries* was

his contention that the trial court directed him to pay more than Rule 88.01 and Form 14 required from the income reflected in his Form 14. The appellant was the father of three children. He asserted that since the original action, his income had decreased to $2,166 per month from $3,800 per month, and that when he made the greater sum, he was compelled to pay only $250 per child per month. He claimed error because although he was making the lesser sum, the court compelled him to increase payments to $500 a month per child. The court ruled that

> The husband has voluntarily put himself in a position of diminishing his income and having cashed in assets. Though the award here is harsh when compared with his actual present income, the trial court's discretion in this matter cannot be said to have been abused. Under these facts, the new guidelines under Rule 88.01 will not impinge on his temporary order of support. Of the factors relevant to this item listed in § 452.340, only (b), the resources and needs of the father, bear in his favor. But he has chosen, without justifiable explanation, to diminish his income.

*Id.* at 827.

This case is distinguishable from *Devries*. The court in *Devries* determined that the appellant had reduced his income "without justifiable explanation." In this case, Mrs. Moss changed her work schedule to days from nights to better accommodate the changing needs of the parties' daughter. The trial court did not abuse its discretion. Substantial evidence supports the trial court's decision, and the court's decision is not against the weight of the evidence. *Murphy*, 536 S.W.2d at 32. Point (2) is denied.

### III.

■ Mr. Anderson's point (3) claims that the trial court erred in overruling his motion for a new trial, or in the alternative to reopen the case to amend the judgment and take additional evidence regarding the issue of support. He claims that his affidavit attached to the motion averring the involuntary reduction in his gross wages since the trial was a matter of new evidence not previously considered by the court and that the affidavit provided sufficient good cause for the trial court to reopen the case for the purpose of receiving new evidence on the issue of proper amount of child support to be awarded. Mr. Anderson references Rule 78.01 which provides that the trial court may grant a new trial upon good cause shown.

Mr. Anderson claims a reduction in his income from his job since the hearing on the parties' motions. The affidavit attached to Mr. Anderson's motion states that "[t]he copy of the paycheck attached hereto is a true and accurate reflection of his reduced gross income to $700 bi-weekly, and that said reduction in pay by his company occurred after the hearing by this court on April 8, 1992."

■ Rule 78.01 provides in part as follows:

> The court may grant a new trial of any issue upon good cause shown.... On a motion for a new trial in any action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact or make new findings, and direct the entry of a new judgment.

The trial court is vested with broad discretion in granting a new trial on questions of fact, and the exercise of such discretion will not be disturbed unless clear abuse is shown. *Tuffli v. Board of Educ.*, 643 S.W.2d 296, 297 (Mo.App.1982). This is especially true in cases tried without a jury. *Id.*

■ The party who seeks a new trial on the ground of newly-discovered evidence must show (1) that the evidence has come to his knowledge since the trial; (2) that the failure of the evidence to come to his knowledge sooner was not the result of a lack of due diligence; (3) that the evidence is so material that it would probably produce a different result if a new trial were granted; (4) that the evidence is not cumulative only; (5) that the parties' affidavit should be produced, or its absence be accounted for; and (6) that the object of the

**38** ▪ 

evidence is not merely to impeach the character or credibility of a witness. *Gehner v. McPherson,* 430 S.W.2d 312, 316 (Mo.App. 1968). Granting or refusing a new trial for newly-discovered evidence rests, to a great degree, within the sound discretion of the trial judge whose ruling will not be disturbed except for clear abuse of discretion. *Id.* at 315. If doubt exists as to whether the trial court's discretion has been exercised soundly, the doubt is to be resolved in favor of the trial court's ruling. *Id.* at 315–16.

Mr. Anderson's motion and attached affidavit, filed pursuant to Rule 78.05, if true, satisfy each of the elements necessary to grant the new trial. Although the trial court noted that Mr. Anderson was not without remedy (he could file a motion to modify the amended decree), the additional filing fee, delay, increased attorneys' fees to the parties, and the continuing additional child support obligation incurred by Mr. Anderson during the pendency of the new motion until it could be heard as well as the additional facts regarding Mr. Anderson's income considered by the trial court support a conclusion that the court abused its discretion when it denied Mr. Anderson's motion to reopen the case on the issue of his diminished income.

The portion of the judgment awarding primary physical custody of Shyla Kristin Anderson to Mrs. Moss is affirmed. The portion of the judgment which reflects the refusal of the trial court to find that Mrs. Moss voluntarily reduced her income without justification is affirmed. That portion of the judgment requiring Mr. Anderson to pay $497 per month as child support is reversed. The case is remanded to permit additional evidence of Mr. Anderson's income for the trial court's consideration in determining the appropriate amount of child support effective since Shyla has been in Mrs. Moss's primary physical custody pursuant to the trial court's amended decree.

All concur.