**IN RE THE MATTER OF N.S.M., A MINOR BY AND THROUGH HER NEXT FRIEND REBECCA JEAN SALAZAR, AND REBECCA JEAN SALAZAR, Appellant,**

v.

**NICHOLAS SCOTT MCSHANNON, Respondent.**

**WD80099**

Missouri Court of Appeals, Western District.

OPINION FILED: July 11, 2017

The Honorable K. Elizabeth Davis, Judge

Ladarron D. Williams, Kansas City, MO, for appellant.

Christopher T. Patterson, Kansas City, MO, for respondent.

Before Division One: Gary D. Witt, Presiding Judge, Alok Ahuja, Judge and Edward R. Ardini, Jr., Judge

Gary D. Witt, Judge

Appellant Rebecca Salazar ("Salazar") appeals from a judgment of modification of the Circuit Court of Clay County, which modified a previously entered paternity judgment regarding the custody, child support, and visitation arrangements for a minor child of Salazar and Respondent Nicholas McShannon ("McShannon"). The modification judgment was, in part, a recordation and adoption by the trial court of a stipulated agreement between Salazar and McShannon, in lieu of a trial on the merits, on McShannon's motion to modify custody and parenting time. On appeal, Salazar argues that the trial court erred in not allowing her to vacate the modification judgment due to ineffective assistance of counsel and because her agreement was not a knowing, conscious, and voluntary decision. We affirm.

**Factual Background**

On April 14, 2016, McShannon filed a Motion to Modify Custody and Parenting Time ("Motion to Modify") and a Verified Motion Objecting to Relocation of the parties' nine-year-old daughter. A Motion to Appoint a Guardian ad Litem was filed by McShannon on April 18th, and a motion requesting that Salazar submit to drug testing was filed on April 22nd. These two motions were noticed up for a hearing on May 3, 2016, at which time Salazar's trial counsel appeared. There is no dispute that each of these motions was properly served and that Salazar received proper notice of the hearing. The trial court granted McShannon's motion requesting a drug test of Salazar, and a guardian ad litem was appointed for the child. Salazar's drug test was positive for illegal drugs.

The trial on McShannon's Motion to Modify was set for August 16, 2016, at which time the parties appeared. Attorneys for both parties and the guardian ad litem announced before the court that the matter had been settled and they desired to put the settlement on the record. The parties' Stipulation of Modification As to Custody, Parenting Time and Child Support ("Stipulated Agreement") was offered and received into evidence without objection. The Stipulated Agreement was signed by both McShannon and Salazar and each signature was notarized.

The Stipulated Agreement provided that McShannon would receive sole legal and physical custody of the child, Salazar would receive supervised visitation, and it

contained detailed provisions regarding the times, places, and possible supervisors for Salazar's visitation. It also listed specific individuals who were not allowed to be present during any visitation and specified that, in addition, anyone who had been charged with, pled guilty to, or convicted of a drug-related offense, violent offense, sexual offense, or any other felony could not be present at visitation. The Stipulated Agreement also contained a means by which Salazar could graduate to unsupervised visitation following drug treatment and drug testing. The parties agreed that the calculated Form 14 presumed child support amount was $363 per month, but asked the court to find the amount to be unjust and inappropriate. The parties agreed that a just amount for Salazar to pay in monthly child support would be $250 to begin on October 1, 2016. At the hearing where the parties requested the trial court to approve their agreement, McShannon testified that he believed the Stipulated Agreement was in the best interest of the child, and the Stipulated Agreement, by its written terms, also provided the same. Salazar and the guardian ad litem, while present at the hearing, did not present any evidence.

Following the hearing the trial court found that the parenting plan in the Stipulated Agreement was in the child's best interest and would be incorporated into the court's judgment. The court found the presumed child support amount to be unjust and inappropriate and that child support would be set at $250 per month based on the agreement of the parties. The court found the remaining terms of the agreement to be fair, reasonable and not unconscionable. A formal judgment ("Modification Judgment") was executed by the trial court consistent with the agreement of the parties.

On September 14, 2016, Salazar, with new counsel, filed her Notice of Appeal simultaneously with a Motion to Vacate Stipulation of Modification or in the Alternative, Motion for New Trial ("New Trial Motion"). The New Trial Motion, citing Rules 75.01,[1] 78.01, and 78.04, alleged that Salazar reluctantly signed the Stipulated Agreement and that she did not understand nor was she given enough time to make a conscious, intelligent, or knowing decision regarding the agreement. The New Trial Motion was not verified or supported by affidavit. McShannon filed a response opposing Salazar's New Trial Motion.

The trial court held a hearing on Salazar's New Trial Motion on October 25, 2016. No evidence was presented to the court regarding the New Trial Motion, and Salazar did not attempt to offer any evidence at the hearing. On November 11, 2016, the trial court denied Salazar's New Trial Motion. Salazar now appeals.

## Point One

In her sole point on appeal, Salazar argues that the trial court erred in not allowing her to vacate the Stipulated Agreement[2] and refusing to grant a new

1. All rule references are to the current Missouri Supreme Court Rules unless indicated otherwise.

2. Salazar repeatedly states that she desires to vacate the "Stipulated Agreement." The Stipulated Agreement was found reasonable by the trial court and incorporated into the trial court's judgment. In reality, Salazar seeks to vacate the trial court's *Modification Judg-*

*ment* that she alleges was based, in part, on her coerced signing of the Stipulated Agreement. This court reviews the trial court's Modification Judgment, not the settlement agreement that she signed. In addition, Salazar's point on appeal states that the trial court erred in not allowing her to "set aside" the Stipulated Agreement. The denial of a motion for new trial is not an appealable order, the

trial because her signature on that agreement was the result of her reliance on statements made by trial counsel in explaining the result that counsel believed would occur should the matter go to trial, which amounted to ineffective assistance of counsel, and her decision to sign the Stipulated Agreement was not a knowing, conscious, and voluntary decision made by her but was the result of counsel's actions falling below the objective standard of reasonableness.

**Courts Authority to Review this Appeal**

Before we proceed to the merits of the appeal this court has a duty to first *sua sponte* determine our authority to review the matter. *Bellinger v. Lindsey*, 480 S.W.3d 345, 347 (Mo. App. E.D. 2015). Salazar's notice of appeal is timely only if her new-trial motion was an 'authorized after-trial motion' which stayed the finality of the modification judgment under Rule 81.05(a)(2). First, we note that Rule 78.01, which authorizes the filing of new-trial motions, by its terms is limited to matters that have proceeded to "trial." It may be argued that by entering into a settlement agreement that there was no trial from which to request a new trial. However, in the unique circumstances of a domestic matter involving children, the parties' settlement agreement as to custody, visitation, and child support is not binding on the trial court, and the trial court is required to review any settlement agreement and make an independent determination as to the best interests of the child pursuant to section 452.325. *See Tompkins v. Baker*, 997 S.W.2d 84, 89 (Mo. App. W.D. 1999). In this matter, an evidentiary hearing was held by the trial court prior to the approval of the settlement agreement and the entry of judgment. In its judgment, the trial court made specific findings based on the evidence presented at the hearing regarding the fairness of the agreement and the best interests of the child. Rule 78.01 allows a new trial on "any issue upon good cause shown." We find that under these facts a trial did occur within the meaning of Rule 78.01, and a motion for new trial was an appropriate motion to bring before the trial court.

Second, we note that the Southern District of this court, in a very similar matter, determined that a party could not appeal from the trial court's judgment approving a stipulated settlement agreement, following the denial of a motion for new trial under Rule 78.01. *See Echessa v. Echessa*, 74 S.W.3d 802 (Mo. App. S.D. 2002). The court in *Echessa* dismissed the appeal, holding that the statutory right to appeal under section 512.020 only authorizes an appeal by an "aggrieved party," and that by entering into a voluntary settlement agreement the appellant does not qualify as an aggrieved party and had no right to appeal. *Id.* at 805. We agree that typically a party is not aggrieved by a judgment entered by a trial court which approves a voluntary settlement agreement. *See Norwood v. Norwood*, 813 S.W.2d 29, 30 (Mo. App. E.D. 1991). However, we disagree with the holding in *Echessa* to the extent that Salazar, like the appellant in *Echessa*, is arguing that based upon her counsel's ineffectiveness, coupled with the pressure which was placed on her to enter into the agreement, the settlement agreement which she entered into was *not voluntary*. *See Segar v. Segar*, 50 S.W.3d 844, 847 (Mo. App. W.D. 2001) ("A party is not aggrieved by a judgment entered pursuant to a voluntary settlement agreement").

appeal must be taken from the underlying judgment. *Echessa v. Echessa*, 74 S.W.3d 802, 807 n. 1 (Mo. App. S.D. 2002).

Based upon these allegations in the motion for new trial, we find that Salazar qualifies as an aggrieved party in order to proceed with this appeal. We therefore proceed to the merits of Salazar's claims.

### Merits of the Appeal

■ Salazar argues the trial court erred in refusing to vacate its judgment and grant a new trial, citing Rule 78.01, which provides that the trial court has the discretion to grant a new trial upon a showing of good cause. Rule 78.01 provides, in relevant part, as follows:

> The court may grant a new trial of any issue upon good cause shown.... On a motion for a new trial in any action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact or make new findings, and direct the entry of a new judgment.

"The trial court is vested with broad discretion in granting a new trial on questions of fact, and the exercise of such discretion will not be disturbed unless clear abuse is shown. This is especially true in cases tried without a jury." *Anderson v. Anderson*, 854 S.W.2d 32, 37 (Mo. App. W.D. 1993) (internal citations omitted).

■ Salazar seeks to vacate the trial court's judgment and remand the case to proceed to trial based solely on the unverified and unsubstantiated claims contained in her written New Trial Motion regarding what she characterizes as incompetent trial counsel. However, "[t]he movant bears the burden of proving any allegations made in a motion for new trial." *Smith v.*

*Brown & Williamson Tobacco Corp.*, 410 S.W.3d 623, 639 (Mo. banc 2013). Salazar's New Trial Motion was not verified and not supported by affidavit or any other form of evidence. At the hearing on the motion, it appears only arguments by counsel were presented; no testimony or other evidence was presented for the trial court's consideration.[3] Neither statements by counsel nor unverified assertions in a motion for a new trial are evidence. *See Exe. Jet Mgmt. & Pilot Serv., Inc. v. Scott*, 629 S.W.2d 598, 610-11 (Mo. App. W.D. 1981). Accordingly, there was no evidence presented to the trial court to support Salazar's claims. Further, Salazar makes no argument regarding the actual judgment entered in this case to establish that any provision of the judgment was in fact unconscionable or not in the best interests of the minor child.

■ In the absence of any external evidence, Salazar may still be entitled to relief by this Court if her claim of good cause was supported by the record. *See Downing v. Howe*, 60 S.W.3d 646, 649 (Mo. App. S.D. 2001) (where motion for new trial is not verified, supported by affidavit or self-proving, in order to grant relief the basis for a new trial must have appeared in the record). However, a factual basis for Salazar's claim of good cause for a new trial appears nowhere in the record before this Court. Salazar's claims all relate to the alleged actions of her trial counsel in persuading her to sign the Stipulated Agreement. Nothing in the record provides evidentiary support for Salazar's allegations contained in her New Trial Motion. While she may have felt "pressured" into agreeing to the resolution of this cause of action

---

3. Salazar in her briefing does not cite to any evidence presented during the hearing on her New Trial Motion. McShannon asserts that no actual evidence was presented at that hearing. No transcript of that hearing has been provided to the Court. It is Salazar's burden to provide this Court with a sufficient record to review her claims. Salazar's failure to provide the transcript from the hearing on the New Trial Motion means that we must presume such a record does not exist and that it would not support her arguments. *See Angel v. Angel*, 356 S.W.3d 357, 360 n.2 (Mo. App. W.D. 2011).

under the terms of the Stipulated Agreement, that does not mean that the legal advice she received from her counsel was not reasonable, accurate or was in any way improper. A lawyer should give a client advice as to the downside risks of going to trial and advice as to the reasonableness of any offer of settlement. Some of that advice may be difficult or uncomfortable for the client to hear but that does not mean that the advice was not reasonable, valid and appropriate. Just because she now has "buyer's remorse" regarding the settlement agreement that she signed and believes she may have received a better outcome had she proceeded to trial, the legal advice she received from her counsel may have saved her from a significantly less favorable outcome had she proceeded to trial. In the absence of *any evidence,* which could include live or deposition testimony, verified motion or affidavits, and given that the basis for the new trial does not appear anywhere in the record, we cannot find that the trial court abused its discretion in denying Salazar's request to vacate the court's judgment and order a new trial. *See id.*

In addition to having failed to meet her burden to show good cause for a new trial, Salazar's claim also fails on the merits. Salazar's sole basis for her request for a new trial is her allegation that trial counsel provided ineffective assistance through, essentially, pressuring Salazar to sign the Stipulated Agreement. However, this Court has repeatedly held that ineffective assistance of retained counsel, even in child custody cases, does not warrant a new trial. *See Gilman v. Gilman,* 851 S.W.2d 15, 19-20 (Mo. App. W.D. 1993); *Marquez v. Marquez,* 136 S.W.3d 574, 579 (Mo. App. S.D. 2004).

As a general rule, "[t]here is no statutory or constitutional right in civil cases to effective assistance of counsel."

*Gilman,* 851 S.W.2d at 19. In support of her arguments Salazar cites to *Strickland v. Washington,* which is a case addressing the standard for establishing ineffective assistance of counsel in criminal cases. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). She attempts to analyze this case under the standards set forth in *Strickland.* However, *Strickland* and its analysis are inapplicable to a civil matter such as the matter currently before this Court. Therefore, even if Salazar had presented some evidence to substantiate her claims of ineffective assistance of counsel, we still would not reverse the trial court's denial of her motion for a new trial.

For the above reasons, the point is denied.

### Conclusion

The judgment of the circuit court is affirmed.

All concur