Lisa White Hardwick, Judge
Benjamin Troupe appeals from the circuit court's order enforcing the Administrative Hearing Commission's ("AHC") order compelling him to submit to a mental examination. Troupe contends the court erred in enforcing the AHC's order because the AHC's order was entered without good cause shown and did not set out the manner, conditions, or scope of the mental examination. Because there is no statutory right to an immediate appeal from the circuit court's order in this case, the appeal is dismissed.
FACTUAL AND PROCEDURAL HISTORY
Troupe is a licensed peace officer with the Clay County Sheriff's Department. In August 2015, the Director of the Department of Public Safety ("Director") filed a complaint in the AHC for discipline of Troupe's license. In the complaint, the Director alleged that he had cause to discipline Troupe's license pursuant to Section 590.080.1(1).[1] Section 590.080.1(1) provides that the Director has cause to discipline any peace officer licensee who "[i]s unable to perform the functions of a peace officer with reasonable competency or reasonable safety as a result of a mental condition."
The Director alleged that Troupe began exhibiting paranoid delusions in 2011. These paranoid delusions include, but are not limited to, "his belief that tracking devices have been put on his clothing, vehicle, and inside his body and that various governmental agencies are out to get him." The Director asserted that Troupe's paranoid delusions have progressed over time. The Director further alleged that Troupe's paranoid delusions make him unable to perform the functions of a peace officer with reasonable competency or reasonable safety.
The Director filed a motion for summary decision with the AHC. The AHC denied the motion in October 2016. In its order denying the motion, the AHC found that Dr. Robert Urie, a psychologist who completed seven fitness-for-duty evaluations on Troupe between March 2011 and March 2015, could not recommend that Troupe return to duty in March 2015 and could not predict when or if it would be possible for Troupe to return to duty. The AHC also found that Troupe admitted to holding "highly eccentric" beliefs about being listened to and tracked by the government and others. Nevertheless, the AHC concluded that this evidence, by itself, was insufficient to establish that Troupe was unable to perform the functions of a peace officer.
*477 After the AHC denied his motion for summary decision, the Director moved the AHC to issue an order, pursuant to Rule 60.01, compelling Troupe to undergo a mental examination. In June 2017, the AHC granted the motion, finding that Troupe's mental condition was in controversy and that good cause existed to order the examination. Specifically, the AHC found that Troupe's mental condition was a central issue in the case and that Troupe had claimed privilege over his fitness-for-duty evaluations by Dr. Urie. Therefore, the AHC ordered that Troupe submit to a mental examination by Dr. George Harris at a time agreed upon by the parties. The AHC further ordered that the scope of examination would be limited to whether Troupe is able to perform the functions of a peace officer with reasonable competency as a result of a mental condition, and the examination would be limited to one day in length, except upon good cause shown and by further order of the AHC.
The Director then filed a petition in the circuit court of Cole County, pursuant to Section 536.073.2, to enforce the AHC's order for a mental examination. Section 536.073.2 provides that, in contested cases before an agency, parties may obtain discovery, and the agency may enforce discovery, in the same manner as provided by the Supreme Court Rules in civil actions in the circuit court. However, where the agency enters a discovery order requiring a physical or mental examination, such order is enforceable only "upon order of the circuit court of the county in which the hearing will be held or the circuit court of Cole County at the option of the person seeking enforcement, after notice and hearing." § 536.073.2(1).
In response to the Director's petition, Troupe filed an answer challenging that the AHC had good cause to order the mental examination and disputing that the AHC's order specified the manner, conditions, and scope of the examination. After reviewing the parties' exhibits and hearing arguments from counsel, the court entered an order finding that the AHC's order compelling Troupe to submit to a mental examination complied with Rule 60.01 and, therefore, was enforceable. The court ordered Troupe to submit to the mental examination. Troupe appeals.
APPEALABILITY OF CIRCUIT COURT'S ORDER
Before we can reach the merits of Troupe's points on appeal, we must first address the Director's assertion that the circuit court's order is not a final judgment or appealable order and, therefore, the appeal must be dismissed. We have a duty to determine whether we have the authority to review a matter on appeal. Matter of N.S.M. v. McShannon , 523 S.W.3d 584, 588 (Mo. App. 2017). "In Missouri, the right to appeal is purely statutory, and where a statute does not give a right to appeal, no right exists." Shoate v. State , 529 S.W.3d 869, 876 (Mo. App. 2017) (citation omitted). "An appeal without statutory sanction confers no authority upon an appellate court except to enter an order dismissing the appeal." Id. (citation omitted).
Although Section 536.073.2 provides for the circuit court to determine the enforceability of the AHC's discovery order compelling a mental examination, the statute does not provide for an immediate appeal of the circuit court's order. Section 512.020, the statute that enumerates appealable orders, provides that an appeal is permitted from: (1) an order granting a new trial; (2) an order refusing to revoke, modify, or change an interlocutory order appointing a receiver or receivers or dissolving an injunction; (3) an order granting or denying class action certification under certain circumstances; (4) an interlocutory judgment in a partition action that determines *478 the rights of the parties; and (5) a final judgment or a special order after final judgment in a case. The circuit court's order enforcing the AHC's order compelling Troupe to submit to a mental examination is not one of the orders described in subsections (1) through (4) of Section 512.020. Consequently, the order is appealable only if it is a final judgment under Section 512.020(5).
"A judgment is final when it disposes of all the issues with regard to all of the parties in the case and leaves nothing for future determination." Steelhead Townhomes, L.L.C. v. Clearwater 2008 Note Program, LLC , 504 S.W.3d 804, 805-06 (Mo. App. 2016) (footnote omitted). In this case, the court's order, which it denominated a "judgment," resolved only the limited issue of whether the AHC's order compelling Troupe to submit to a mental examination is enforceable. The central issues in the case-whether Troupe is unable to perform the functions of a peace officer with reasonable competency or reasonable safety as a result of a mental conditions and, therefore, the Director has cause to discipline him, as well as the form of such discipline if the Director has cause-have yet to be decided. Regardless of any ruling by this court on the discovery order, the parties' dispute on the merits of the Section 590.080 disciplinary action will proceed to a hearing before the AHC and a final agency decision that may be judicially reviewed pursuant to Section 536.140. The court's order enforcing the AHC's discovery order does not dispose of all of the issues in this case and, therefore, is not a final judgment pursuant to Section 512.020(5).
No statute gives Troupe the right to an immediate appeal of the circuit court's order enforcing the AHC's order compelling him to submit to a mental examination.[2] Therefore, we have no authority to review his appeal on the merits, and we must dismiss it.
CONCLUSION
The appeal is dismissed.
All Concur.

All statutory references are to the Revised Statutes of Missouri 2016.

The appropriate mechanisms to challenge the circuit court's order enforcing the AHC's discovery order are either a petition for a writ of prohibition, see, e.g., State v. Wagner , 504 S.W.3d 899 (Mo. App. 2016), or an appeal following judicial review of the AHC's final decision in the Section 590.080 disciplinary action.