

# Missouri Court of Appeals

## Southern District

### Division Two

ANTHONY GROGAN, )
)
    Petitioner-Respondent, )
)
v. ) No. SD36599
) Filed: February 25, 2021
TINA MARIE GROGAN, )
)
    Respondent-Appellant. )

APPEAL FROM THE CIRCUIT COURT OF HOWELL COUNTY

Honorable Donna K. Anthony, Associate Circuit Judge

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

Tina Grogan (Mother) appeals from an amended judgement dissolving her marriage to Anthony Grogan (Father). In relevant part, the amended judgment ordered Father to pay $708 as monthly child support for the parties' two children. In calculating the child-support amount, the trial court created its own Form 14.[1] The court's form included an entry of $1,100 per month that Father paid as child support for children from a previous marriage. After the initial judgment was entered, Father's child-support obligation for those other children was reduced from $1,100 to $225 per month. In a timely post-trial motion to modify the judgment, Mother asked the trial court to recalculate Father's child support using the reduced $225 amount. After a hearing, the trial court

---

[1] All references to rules, including to Form 14, are to Missouri Court Rules (2019).

denied Mother's request to use the $225 number in the court's Form 14 child-support calculation. The court entered an amended judgment modifying the amount of child support awarded to Mother, but the court's Form 14 still used the $1,100 number.

Mother presents four points on appeal, but the first is dispositive. In Point 1, Mother contends the trial court abused its discretion by denying Mother's timely request to recalculate the court's Form 14 using the $225 number for Father's other child-support obligation. We agree. Therefore, we reverse the child-support calculations/award and remand for further proceedings consistent with this opinion. We affirm the amended judgment in all other respects.

## Factual and Procedural Background

Mother and Father married in March 2014 and separated in August 2017. One child, a son (Son), was born of the marriage. Father adopted Mother's daughter (Daughter) from a previous marriage. Father also had been married previously and paid monthly child support for two children from that marriage.

In December 2017, Father filed his petition for dissolution of marriage. Mother filed a counter-petition requesting the same relief. Prior to trial, a custody agreement was reached. The parties agreed that custody of Son would alternate between each parent every week. Father was granted visitation with Daughter every other weekend.

The trial was held in April 2019. At that time, Father was paying $1,100 in child support for his two children from his previous marriage. Father testified that he was seeking to reduce that amount in a separate proceeding. He informed the trial court that he was asking for more time with his two older children and a reduction in the amount of child support he paid for them.

Father's gross income was $5,776 per month. He testified that his 2018 income was reduced because of: (1) a disciplinary action; and (2) a blood clot in his leg that resulted in the loss of wages for one month. Mother's gross income was $1,594 per month. She worked 32 hours per week and earned $11.50 per hour. Mother testified that she worked part-time so she would have more time to take care of Son and Daughter. Son was expected to start school in the fall of 2019.

On November 14, 2019, the trial court entered the initial dissolution judgment. With respect to child support, the trial court rejected both parties' Form 14 submissions and created its own. The court included Father's prior support obligation of $1,100 in the calculation and arrived at a presumed support amount (PSA) of $769 per month. The court computed this amount by: (1) dividing Father's 2018 income by 11 months instead of 12 to account for the month of lost wages, which increased Father's monthly income to $6,408; (2) finding Mother to be underemployed; (3) using Mother's reported part-time income to impute a full-time income of $1,952 per month; (4) giving Father a $376 per-month credit for overnight visits, adjusting for the 50% shared custody of Son and visitation with Daughter every other weekend; and (5) finding the PSA of $769 per month was not unjust or inappropriate.

On December 12, 2019, Mother filed a timely motion to reopen, correct, amend or modify the judgment or for a new trial. Mother requested, *inter alia*, that the judgment "be opened, additional testimony taken, and the findings be amended or new findings made[.]"[2] In relevant part, Mother's motion asserted that:

---

[2] Father filed a similar motion. With respect to the child-support calculation, Father requested: (1) a reduction in his monthly income to $5,000; and (2) a correction for the health insurance cost he pays for the parties' two children, from $14 that the court listed to $114 per month.

> [A]fter the trial in this case [Father and his previous wife] in that case – *Hood v. Grogan*, 13AL-FC00511-02 – agreed to a downward deviation in child support so that [Father] is set to pay only $225 per month in support, which new amount in that case substantially impacts the child support calculations in this case.

Mother asked the court to recalculate its Form 14 by showing Father's other support obligation to be $225, instead of $1,100.

On February 3, 2020, a hearing was held on the parties' post-trial motions. The parties agree that the trial court was told Father's monthly child support in *Hood v. Grogan* had been reduced from $1,100 to $225 on January 28, 2020. This reduction occurred approximately 75 days after the November 14, 2019 judgment was entered.

On March 5, 2020, the trial court entered an amended judgment. The trial court calculated its own Form 14, which still showed Father's prior support obligation as $1,100 per month.[3] The court set Father's child-support obligation for Son and Daughter at $708 per month. In reaching the $708 monthly amount, the court: (1) reduced Mother's monthly income back to her part-time income of $1,546; (2) found Mother underemployed, noting she was capable of full-time work since Son "will enter school full time with the upcoming school year"; (3) did not impute any income to Mother; (4) gave Father "0" credit for overnight visits due to Mother's reduced monthly income, as required by Form 14, Line 11 "*CAVEAT*" disallowing Father overnight credit if Mother's income was below $1,700; and (5) reached a PSA of $1,224 per month. The court decided, however, that the PSA was "unjust and inappropriate" due to Mother's "underemployment" and because Father has custody of Son "50% of the time and an unknown number of weekends with [Daughter.]"

---

[3] The record reflects the trial court's awareness of Father's reduced child-support obligation for his other children because the court mentioned the reduction in another portion of the amended judgment dealing with school expenses beyond high school.

4

The court reduced Father's support obligation to $708 per month, a downward deviation of about 42%. This appeal followed.

**Discussion and Decision**

Mother's first point contends the trial court abused its discretion when it declined Mother's request to reopen the evidence and recalculate the child-support amount on the court's Form 14. The parties agree that, during the hearing on post-trial motions, the trial court was informed that Father's monthly child-support obligation for his other children had been reduced from $1,100 to $225. The amended judgment reflects the trial court's awareness of this change. Mother argues that the trial court should have recalculated child support using this new figure on the Form 14 before entering the amended judgment. We agree.

The reduction in Father's child-support obligation for his other children had not occurred when the November 2019 judgment was entered. In pertinent part, Rule 78.01 states:

> The court may grant a new trial of any issue upon good cause shown. …
> On a motion for a new trial in any action tried without a jury, the court may
> open the judgment if one has been entered, take additional testimony, amend
> findings of fact or make new findings, and direct the entry of a new
> judgment.

*Id*. A party who seeks a new trial on the ground of newly discovered evidence must show:

> (1) The evidence has come to his knowledge since trial, (2) due diligence
> would not have uncovered the evidence sooner, (3) the new evidence is so
> material it would probably produce a different result, (4) the new evidence
> is not cumulative, (5) the affidavit of the witness must be produced or its
> absence accounted for, and (6) the object of the evidence is not to impeach
> the character or credit of a witness.

*Carthen v. Jewish Hosp. of St. Louis*, 694 S.W.2d 787, 800-01 (Mo. App. 1985); *Higgins v. Star Elec., Inc.*, 908 S.W.2d 897, 903 (Mo. App. 1995); *see Gehner v. McPherson*, 430 S.W.2d 312, 316 (Mo. App. 1968). Here, all these factors have been met. The change in

5

Father's child-support obligation occurred after the November 2019 judgment. Mother exercised due diligence in bringing this change to the trial court's attention. Use of this new number would produce a different result on the Form 14 calculation.[4] This evidence was not cumulative and was not directed at impeachment or credibility. The parties agreed that this change had taken place and so informed the trial court. Therefore, the trial court should have granted Mother's request and recalculated the Form 14 using Father's reduced child-support obligation of $225. It was an abuse of discretion for the trial court to ignore that change and to enter an amended judgment using the incorrect $1,100 figure in its Form 14 calculation.

The western district of this Court reached a similar conclusion in **Anderson v. Anderson**, 854 S.W.2d 32 (Mo. App. 1993). There, the mother obtained a modification of child support. **Id**. at 35. After judgment was entered, the father filed a timely post-trial motion to amend the judgment or reopen the trial for additional evidence, supported by an attached affidavit. **Id**. In the affidavit, the father reported a reduction in his income that had occurred after the trial was concluded. **Id**. at 37. After a hearing, the trial court overruled the father's motion. The court decided that the father was "not without remedy" because "he could file a motion to modify the amended decree[.]" **Id**. at 38. That decision was reversed on appeal. The western district concluded that the father's "motion and attached affidavit, filed pursuant to Rule 78.05, if true, satisf[ied] each of the elements necessary to grant the new trial." **Anderson**, 854 S.W.2d at 38. The Court also rejected the argument that the father could instead file a motion to modify:

---

[4] It is well settled that the trial court must reject a Form 14 calculation if, *inter alia*, the "amount of an item included in the calculation is incorrect[.]" **Nelson v. Nelson**, 195 S.W.3d 502, 509 (Mo. App. 2006); **Scobee ex rel. Roberts v. Scobee**, 360 S.W.3d 336, 342 (Mo. App. 2012).

> [T]he additional filing fee, delay, increased attorneys' fees to the parties, and the continuing additional child support obligation incurred by [the father] during the pendency of the new motion until it could be heard as well as the additional facts regarding [the father's] income considered by the trial court support a conclusion that the court abused its discretion when it denied [the father's] motion to reopen the case on the issue of his diminished income.

*Id*.

We agree with this reasoning. As in ***Anderson***, Mother satisfied the elements to reopen the evidence as to Father's reduced child-support obligation for his other children. *See **Id**.* at 37-38. Father's argument that Mother should be required to file a motion to modify lacks merit for the reasons set out above. If the trial court believed that it could not receive additional evidence before amending its judgment, that was incorrect. *See* Rule 78.01; ***Anderson***, 854 S.W.2d at 37. Mother made a timely motion to amend and reopen evidence in time to consider and correct Father's other support obligation, which is a required item on Form 14. *See* Rule 78.04; Rule 78.06; Form 14, Line 2.

In sum, the trial court abused its discretion in denying Mother's request to reopen the evidence and recalculate Father's child support using the $225 number for Father's other support obligation. Point 1 is granted. Mother's remaining three points are all related to the child-support calculation in one way or another and need not be addressed.[5] On

---

[5] Point 2 involves the trial court's downward deviation on child support. On remand, the court would be well advised to consider the cases cited by Mother in her brief on this point. Point 3 involves findings relating to child support. Point 4 deals with income tax issues involving the children, which are related to the child-support calculation in Form 14. *See **Kohl v. Kohl***, 397 S.W.3d 510, 518 (Mo. App. 2013); Form 14, Assumption (7), p. 454 ("[t]he schedule of basic child support obligations assumes that the parent entitled to receive support claims the tax exemption for the children entitled to support").

remand, the court will have the benefit of the parties' briefs, as well as any additional evidence presented on these issues, before entering an amended judgment.

The child-support calculations (including the tax implications thereof) and award in the amended judgment are reversed. The cause is remanded for further proceedings involving these child-support issues. In all other respects, the amended judgment is affirmed.

JEFFREY W. BATES, C.J./P.J. – OPINION AUTHOR

GARY W. LYNCH, J. – CONCUR

DON E. BURRELL, J. – CONCUR

8