

# In the Missouri Court of Appeals
# Eastern District
## DIVISION TWO

| | | |
|---|---|---|
| MATTHEW J. WEISS, | ) | No. ED112738 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | 22SL-DR02534 |
| | ) | |
| MARY D. WEISS, | ) | Honorable Megan H. Julian |
| | ) | |
| Appellant. | ) | Filed: July 15, 2025 |

Before Lisa P. Page, P.J., Rebeca Navarro-McKelvey, J., and Daniel G. Pelikan, Sp. J.

Mary D. Weiss (Wife) appeals from the trial court's judgment denying her motion to set aside a February 1, 2024 consent judgment of dissolution of marriage to Matthew J. Weiss (Husband). We affirm.

## BACKGROUND

Husband and Wife were married on October 7, 1995. Three children were born of the marriage, one of whom was unemancipated at the time Husband filed a petition for dissolution of marriage in May 2022. Wife filed an answer and counter petition, alleging she lacked sufficient property to provide for her reasonable needs and requested support from Husband. In July 2023, Husband filed a motion for special master and a retired judge (Special Master) was appointed.

The matter was tried on nonconsecutive days: December 5, 2023; January 17, 2024; and January 24, 2024. However, on January 24, 2024, the parties and their attorneys reached a

settlement and testified on the record as to their agreement. Wife's attorney prepared the settlement documents and on January 26, 2024, the parties, their attorneys, and the Special Master met at Wife's attorney's office to execute the marital settlement and separation agreement (MSA), to include separate affidavits for judgment signed by Husband and Wife. The trial court approved and signed the judgment of dissolution on February 1, 2024 (Judgment).

On February 26, 2024, Wife filed a motion entitled "Respondent's Verified Section 452.325.2 Motion to Set Aside the February 2 [sic], 2024 Judgment of Dissolution of Marriage and the Marital Settlement and Separation Agreement Incorporated Therein and for This Court's Consideration, at an Evidentiary Hearing of the Parties' Economic Circumstances and Other Relevant Evidence in Determining the Conscionability or Unconscionability of the Terms of the Judgment and Marital Settlement and Separation Agreement." Wife argued the trial court should conduct an evidentiary hearing because her due process rights were violated when the trial court adopted the judgment of dissolution, MSA, and parenting plan. Wife asserted the trial court should consider the conscionability of the MSA's terms pursuant to Section 452.325 RSMo (2016).[1]

Wife filed her second post-judgment motion on March 4, 2024, titled "Verified Motion for New Trial and Recission, Set Aside and/or Cancellation of this Court's February 1, 2024 Judgment of Dissolution of Marriage Incorporating the Parties' Parenting Plan and [MSA]." Wife argued, pursuant to Rule 78[2] and *Matter of N.S.M. v. McShannon*, 523 S.W.3d 584 (Mo. App. W.D. 2017), that the court should rescind, set aside, and/or cancel the February 1, 2024 Judgment because of the court's implicit finding the terms were made by each party "freely, knowingly, and intelligently." She alleged the Judgment, parenting plan and MSA were not

---

[1] All further statutory references are to RSMo (2016).
[2] All references to Rules are to Missouri Supreme Court Rules (2023).

voluntary because her capacity to contract was compromised due to a 2010 head injury. She claimed she did not have a reasonable understanding of the nature and consequences of the agreement. She further alleged economic and financial duress because she lacked her own free will based on her financial condition, oppression, and because she felt coerced and threatened by Husband's statements to her.

Husband filed a response on March 14, 2024, and requested attorneys' fees on April 3, 2024. Wife filed her third post-judgment motion on May 8, 2024, titled "Verified Motion to Set Aside Judgment of February 1, 2024 and to Re-Open This Matter." She claimed the Judgment did not identify, value, or characterize property and debt disclosed by the receipt of a tardy business records subpoena that included her pension benefit.

The trial court heard testimony and received evidence on Wife's post-trial motions and Husband's motion for attorneys' fees on March 14 and 15, 2024. On May 31, 2024, the court denied Wife's motions and ordered Wife to pay $15,000 for a portion of Husband's attorneys' fees. Wife filed her notice of appeal on June 10, 2024.

## DISCUSSION

Wife raises six points on appeal. In her first point, she alleges the trial court erred in failing to set aside the Judgment of Dissolution of Marriage and grant Wife a new trial because the court abused its discretion in that Wife did not freely and voluntarily consent to the entry of judgment, as Wife was experiencing extreme duress during the negotiation and finalization of the court's Judgment.

In her second and third points, Wife alleges the trial court erred in appointing a Special Master, because the court misapplied Rule 68.01 in improperly delegating its judicial authority to the Special Master without an order of reference and without sufficient evidence of "some

3

exceptional condition" required by the rule. In Wife's fourth point, she also alleges the trial court misapplied Rule 68.01 in entering its Judgment of Dissolution of Marriage before the expiration of thirty days of receiving the Special Master's report. In each of these points, two, three, and four, Wife alleges she was deprived of her right to due process.

In her fifth point, Wife alleges the circuit court erred in ordering Wife to pay Husband's attorneys' fees because it abused its discretion in holding that Wife's post-judgment motions were without merit, in that Wife had good cause and valid grounds to support the motions.

In her sixth and final point, Wife alleges the trial court erred in denying Wife's May 8, 2024 motion to re-open the evidence regarding the existence of undivided marital property because consideration of said evidence may have materially affected the merits of the case, and thus, the court abused its discretion in that Wife submitted her verified motion while the court still had control of its Judgment and therefore the court could have re-opened the case for good cause to properly account for and divide the marital property pursuant to Section 452.330.

### ***Authority for Appellate Review***

A. Timely filed motions

This court must make an initial determination of our authority to review this matter on appeal. *McShannon*, 523 S.W.3d at 588. Trial courts generally retain control over judgments for a thirty-day period after entry of judgment under Rule 75.01. Rule 78.04 provides, in relevant part, "[A]ny motion for new trial and any motion to amend the judgment or opinion shall be filed not later than thirty days after the entry of judgment." Once the thirty-day period provided by Rule 75.01 expires, the trial court's authority to grant relief is limited to the grounds raised in a timely filed, authorized after-trial motion. *State ex rel. AJKJ, Inc. v. Hellmann*, 574 S.W.3d 239, 242 n.3 (Mo. banc 2019) (citing *Massman Const. Co. v. Mo. Highway & Transp. Comm'n*, 914

4

S.W.2d 801, 802-03 (Mo. banc 1996). If a party files an authorized after-trial motion, the judgment becomes final at the earlier of ninety days from the date the last timely motion was filed, on which date all motions not ruled shall be deemed overruled, or, if all motions have been ruled, then the date of ruling of the last motion to be ruled or thirty days after entry of judgment, whichever is later. Rule 81.05(a)(2). A ruling on an untimely motion is void. *Allen v. Bryers*, 512 S.W.3d 17, 28 (Mo. banc 2016), *as modified* (Apr. 4, 2017).

The judgment here was signed and entered on February 1, 2024, which permitted filing after-trial motions until March 4, 2024, but not later. Rule 44.01(a). Wife filed three post-judgment motions on February 26, 2024, March 4, 2024, and May 8, 2024. Accordingly, the May 8, 2024 motion was not timely and the trial court's ruling on said motion is void. As such, this court does not consider Wife's sixth point regarding her May 8, 2024 motion.[3] Therefore, we review this appeal only as it relates to Wife's February 26 and March 4, 2024 motions.

B. Aggrieved party pursuant to Section 512.020

As a general rule, a party waives their right to appeal when a judgment is entered at their request. *Chatman v. Chatman*, 673 S.W.3d 528, 530 (Mo. App. E.D. 2023) (citing *Stucker v. Stucker*, 558 S.W.3d 119, 121 (Mo. App. E.D. 2018), and *Segar v. Segar*, 50 S.W.3d 844, 846 (Mo. App. W.D. 2001)). The purely statutory right to appeal is found in Section 512.020. *Id.* As a result, "[a] party is not aggrieved by a judgment entered pursuant to a voluntary settlement agreement" because the court does not make a judicial determination on the merits of the case

---

[3] Husband has also filed a motion for remand, taken with the case. However, he explains that he did so "out of an abundance of caution, and in hope of maximizing judicial efficiency should this court determine the judgment is not final because of the failure to distribute an asset that [Wife] failed to disclose." We deny the motion. The consent dissolution awarded to Wife all the assets and funds in her GSK Retirement Plan Account which sufficiently disposed of the pension benefit.

following a contested trial with evidence, testimony, and examination of the parties. *Id.* Instead, the court simply recites and memorializes the parties' consent agreement. *Id.*

In *Chatman*, this court rejected appellant's attempt to "review the judgment as if the circuit court had reached the merits of a voluntary settlement" as required by Section 452.330. 673 S.W.3d at 530. But there was no need to do so because the court entered the consent judgment upon the parties' stipulation the agreement was not unconscionable. *Id.* Wife's request for appellate review was a deviation "from well-established law that an appeal is waived when a judgment is entered at the parties' request." *Id.* Such review is not permitted by Section 512.020 and the appeal was dismissed. *Id.* at 531.

In *McShannon*, the appellant was considered an aggrieved party pursuant to Section 512.020 when the parties entered into a voluntary settlement agreement and avoided trial. 523 S.W.3d at 588-89. Similar to *Chatman*, the *McShannon* court discussed whether, for appellate purposes as required by Section 512.020, a party is "aggrieved" by a judgment entered by a trial court which approves a voluntary settlement agreement. *Id.* at 588. While agreeing that typically a party to such a voluntary settlement is not considered "aggrieved," the *McShannon* court found the appellant qualified as an aggrieved party because she alleged the stipulated agreement was not her "knowing, conscious, and voluntary" decision as adopted by the trial court. *Id.* Thus, her appeal could proceed to review whether she entered a "voluntary" settlement agreement. *Id.* at 589.

Here, Husband and Wife entered into an ostensibly voluntary settlement agreement and avoided proceeding to trial. However, as in *Chatman*, Wife's February 26 motion challenges the "conscionability" of the MSA's substantive terms but does not allege procedural conscionability,

6

i.e. the voluntariness of the formation of the agreement.[4]  Thus, we do not find the first post-judgment motion establishes Wife is an aggrieved party and we will not review the merits of that motion on appeal.

However, Wife's March 4, 2024 motion for a new trial alleged not just unconscionable terms, but also that the court erred in implicitly finding the terms were made by each party "freely, knowingly, and intelligently" and alleged her capacity to contract was compromised due to a 2010 head injury and her lack of reasonable understanding of the nature and consequences of the agreement.  She alleged economic and financial duress because she lacked her own free will based on her financial condition and oppression.  She stated she felt coerced and threatened by Husband's statements to her.  As in *McShannon*, we find these allegations of the March 4 motion challenge the voluntary nature of the settlement agreement and, pursuant to Section 512.020, Wife is an aggrieved party for purposes of appeal.[5]

### Standard of Review

Although Wife's points on appeal allege the trial court erred with respect to its denial of Wife's motions to set aside the judgment and grant a new trial, the denial of a motion for new trial is not an appealable order and the appeal must be taken from the underlying judgment.  *McShannon*, 523 S.W.3d at 587 n.2.  A trial court is vested with broad discretion in granting a new trial on questions of fact upon a showing of good cause.  *Id.* at 589.  Such discretion will not be disturbed unless "clear abuse" is shown.  *Id.*

---

[4] See *Penrod v. Penrod*, 624 S.W.3d 905, 911 (Mo. App. E.D. 2021) (explaining the difference between procedural and substantive aspects of unconscionability, the former relating to the formalities of the making of the contract and the latter to the specific contract terms).

[5] Husband filed a motion to dismiss Wife's appeal and for attorneys' fees for filing a frivolous appeal, which was taken with the case.  We prefer to dispose of a case on the merits wherever possible.  *Frawley v. Frawley*, 597 S.W.3d 742, 748 n.2 (Mo. App. W.D. 2020).  We deny the motion.

7

**Point I**

Wife's first point alleges the trial court erred in denying her motion to set aside the Judgment and grant a new trial in that Wife did not freely and voluntarily consent to the entry of Judgment, as Wife was experiencing extreme duress during the negotiation and finalization of the court's Judgment. However, we review the consent Judgment and whether it was entered into freely and voluntarily.

Wife argues *McShannon* is instructive here; however, Wife simply demonstrates how she is an "aggrieved party" for purposes of appeal but she fails to meet her burden of proof demonstrating an abuse of discretion. "The movant bears the burden of proving any allegations made in a motion for new trial." *Id.* at 589 (citing *Smith v. Brown & Williamson Tobacco Corp.*, 410 S.W.3d 623, 639-40 (Mo. banc 2013)). A trial court is free to believe any, all or none of the evidence when making factual determinations. *Smith*, 410 S.W.3d at 639. "Appellate courts defer to the trial court on factual issues 'because it is in a better position not only to judge the credibility of witnesses and the persons directly, but also their sincerity and character and other trial intangibles which may not be completely revealed by the record.'" *Id.* at 639-40 (quoting *White v. Dir. of Revenue*, 321 S.W.3d 298, 308-09 (Mo. banc 2010)).

Here, the trial court heard Wife's allegations during a two-day hearing on May 14 and 15, 2024. Wife proffered her evidence of economic "duress" and the effect it had on her state of mind and decision-making, including the pressure she felt to settle the case and the resulting emotional and physical symptoms she experienced. But the court found "overwhelming credible evidence" that both Husband and Wife voluntarily agreed to the MSA's terms incorporated into the consent Judgment when it was presented to the court.

The court considered the testimony of the Special Master, Wife's attorney, and Husband credible that Wife's sworn affidavit for judgment was signed freely and voluntarily without duress or undue influence. The court specifically found it "was inundated with evidence that the Court does not find the testimony of Wife credible." In addition, the court found "substantial discovery was conducted by both parties in this case and the parties were well aware of the financial consequences and outcome of the consent agreement and all parties found the consent judgment to be fair and equitable." In concluding Wife had sufficient information and a full understanding of the agreement she entered, including the process and the consequences, the court denied Wife's motion as without merit.

Given the extensive credibility findings regarding multiple witnesses, and specific findings that Wife was not credible, we defer to the trial court's superior position "not only to judge the credibility of witnesses and the persons directly, but also their sincerity and character and other trial intangibles which may not be completely revealed by the record." *Smith* at 639-40 (quoting *White*, 321 S.W.3d at 308-09). The trial court did not abuse its discretion in denying Wife's March 4, 2024 motion to set aside the February 1, 2024 Judgment. Wife's first point is denied.

**Points II, III, and IV**

In each of points two, three, and four, Wife alleges the trial court misapplied the law in Rule 68.01 by appointing the Special Master and entering its judgment before receiving the Special Master's report. However, the parties here resolved the case and entered an agreement which made the Special Master irrelevant in the trial court approving and entering the consent judgement.[6]

_____

[6] Husband has also filed a motion to strike from the record on appeal the transcripts dated December 5, 2023; January 17, 2024; and January 23, 2024; and January 24, 2024. These transcripts are records of the hearings held by

9

"A question is moot when the question presented for decision seeks a judgment upon some matter which if judgment were rendered could not have any practical effect upon any then existing controversy." *Promotional Consultants, Inc. v. Logsdon*, 25 S.W.3d 501, 506 (Mo. App. E.D. 2000) (citing *Preisler v. Doherty*, 265 S.W.2d 404, 407 (Mo. banc 1954)). Upon entry of the consent Judgment by the trial court, all procedures and evidence regarding the Special Master in the division of property and debts, maintenance, child support, and attorneys' fees were all rendered moot. Points two, three, and four are denied.

**Point V**

In her fifth point, Wife alleges the circuit court erred in ordering her to pay Husband's attorneys' fees because it abused its discretion in holding that her post-judgment motions were without merit, in that Wife had good cause and valid grounds to support the motions.

"The determination of attorney fees is within the sound discretion of the trial court and should not be reversed unless the award is arbitrarily arrived at or is so unreasonable as to indicate indifference and lack of proper judicial consideration." *Trimble v. Pracna*, 167 S.W.3d 706, 714 (Mo. banc 2005) (citing *State ex rel. Laszweski v. R.L. Persons Const., Inc.*, 136 S.W.3d 863, 873 (Mo. App. S.D. 2004)). Missouri courts generally adhere to the "American Rule" with regard to awards of attorneys' fees, which provides that each litigant bears his or her own expenses. *Hinton v. Dir. of Revenue*, 21 S.W.3d 109, 112 (Mo. App. W.D. 2000) (quoting *Laubinger v. Laubinger*, 5 S.W.3d 166, 181 (Mo. App. W.D. 1999)). However, exceptions are made where statutes or contracts permit fees, or where unusual circumstances exist and a balance of benefits is equitable. *Barkho v. Ready*, 523 S.W.3d 37, 45-46 (Mo. App. W.D. 2017).

---

the Special Master prior to informing him they wished to settle the matter. Husband argues they are not part of the record on appeal and cannot be considered by this court. The motion was taken with the case and we deny it as unnecessary litigation. We only consider proceedings relevant to this appeal and the parties need not strike documents or transcripts in the record for our benefit.

Here, the trial court found Husband had incurred additional and "unnecessary" costs defending the litigation of a consent judgment that "Wife entered knowingly and voluntarily." The court found the attorneys' fees Husband incurred were reasonable and ordered Wife to pay $15,000 for a portion of those fees, in addition to paying her own attorneys' fees and costs. This determination followed the court's analysis that it was "inundated with evidence demonstrating Wife's lack of credibility." Given the court's extensive findings after a two-day hearing on Wife's post-judgment motions and Husband's request for fees, we find no error. Wife cannot demonstrate the award is so arbitrary or "unreasonable as to indicate indifference and lack of proper judicial consideration" to constitute an abuse of the court's discretion in awarding Husband attorneys' fees. *Trimble*, 167 S.W.3d at 714. Her fifth point is denied.

## CONCLUSION

The Judgment of the trial court is affirmed. The motions taken with the case are all denied.

_____
Lisa P. Page, Presiding Judge

Rebeca Navarro-McKelvey, J., and
Daniel G. Pelikan, Sp. J., concur.

11