**ST. LOUIS AIRPORT HILTON,**
Appellant,

v.

**MARRIOTT CORPORATION,**
Respondent.

No. 65300.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 13, 1994.

Gordon W. Neilson, St. Louis, for appellant.

Lee G. Kline, Cynthia Forsythe Tolan, Clayton, and K. Steven Jones, Evans & Dixon, St. Louis, for respondent.

AHRENS, Presiding Judge.

This is an appeal from a judgment in a personal injury action brought by Mrs. Bobbie McNichols on behalf of her deceased husband, Otis McNichols, against Marriott Corporation ("Marriott") and Rufus R. Coleman. The case was consolidated with a subrogation suit brought by St. Louis Airport Hilton ("Hilton"), Mr. McNichols' employer. Appeal dismissed.

While in the course of his employment Mr. McNichols was injured while driving a van owned by Hilton. The van was struck by a vehicle driven by Coleman and owned by Marriott. Mr. McNichols subsequently died from an illness unrelated to the accident. Workers' Compensation benefits were paid to Mrs. McNichols for her deceased husband's injuries.

In the personal injury action brought by Mrs. McNichols, the parties agreed on a $15,000.00 settlement, but were unable to agree on the apportionment of the proceeds. The trial court appointed a special master to resolve the matter. A hearing took place on June 4, 1993, at which all parties were present. On June 10, 1993, Royal Insurance Company, employer's workers' compensation

carrier, wrote employer's attorney informing him that it would accept $1,500.00 in full satisfaction of its subrogation claim. A carbon copy of the letter was sent to the special master. The special master attached a copy of the letter to his report to the trial court, and recommended that Hilton receive $1,500.00, and Mrs. McNichols receive $13,500.00. Upon motion by defendant for judgment in accordance with the special master's report, the trial court entered judgment in favor of plaintiffs for $15,000.00 to be apportioned as follows: $1,500.00 to Hilton, $13,500.00 to Mrs. McNichols. The trial court also awarded costs and attorney's fees to be paid out of the respective settlements.

We note that appellant's point relied on does not comply with Rule 84.04(d), as it fails to state briefly and concisely wherein and why the action of the trial court is claimed to be erroneous. *Thummel v. King,* 570 S.W.2d 679, 684–85 (Mo. banc 1978). An appellate court need not consider allegations of error which are not properly briefed. Rule 84.13(a). However, we dispose of this appeal on jurisdictional grounds.

The right to appeal is statutory and one prerequisite to that right to appeal is that the party seeking the appeal must be "aggrieved" by the judgment. § 512.020 RSMo1986. A judgment, order, or decree entered by consent of the parties is not a judicial determination of rights but a recital of an agreement and cannot be appealed. § 511.020 RSMo 1986; *Gaunter v. Shelton,* 860 S.W.2d 843, 844 (Mo.App.1993).

In this case, there is no dispute that all the parties agreed to settle for $15,000.00. The only remaining issue was how to apportion the proceeds. After the parties agreed to the settlement a special master was appointed to apportion the proceeds. Employer's insurance carrier sent a letter to its attorney and the special master with instructions to accept $1,500.00 in total satisfaction of its subrogation claim. Nothing in the record indicates that employer, its insurance company or their attorney ever advised the court that they were rescinding their agreement to settle the case for $1,500.00. A party is not "aggrieved" by an order entered pursuant to a voluntary settlement agreement. *Id.*

As plaintiffs are not "aggrieved" by the judgment, plaintiff's appeal is dismissed. Defendant's motion for damages for frivolous appeal pursuant to Rule 84.19 is denied.

SIMON and KAROHL, JJ., concur.