**Donna Sue SEGAR, Respondent,**

v.

**Robert L. SEGAR, Jr., Appellant.**

**No. WD 58300.**

Missouri Court of Appeals,
Western District.

May 29, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 24, 2001.

Gary Oxenhandler, Columbia, for appellant.

Diane Howard, Cape Girardeau, for respondent.

Before ELLIS, P.J., LOWENSTEIN and BRECKENRIDGE, JJ.

LOWENSTEIN, Judge.

Robert Segar (Father) appeals from a judgment allowing his ex-wife, Donna Sue Rosanswank (Mother), to relocate with their children from Columbia to Cape Girardeau. Father argues that the trial court erred by: 1) applying the incorrect four-factor test to analyze the proposed relocation; 2) failing to consider the best interests of the children; and 3) failing to timely rule on Father's motion in opposition to relocation in that circumstances upon which the ruling was founded had changed between the presentation of the evidence and the final order.

Because this court finds that the trial court's judgment was entered on a joint motion and with the consent of both parties, Father's appeal is dismissed.

### Factual and Procedural History

Mother and Father were married in 1985. Two children were born of the marriage: Claire Eliza Segar, born February 7, 1989, and Emma Kaylene Segar, born June 14, 1993. Mother and Father, residents of Columbia, were divorced in Boone County Circuit Court on May 12, 1998. The judgment and decree of dissolution of marriage granted Mother and Father joint legal and physical custody of their daughters, with Mother having primary physical custody. Pursuant to the parties' co-parenting agreement, approved by the trial court, Father would have the children on alternate weekends, overnight each Thursday evening, one week in the summer, Father's Day, one week during Christmas break, and alternate holidays.

In April of 1999, Mother became engaged to Jeff Rosanswank. They were married in June of 1999. Also in June of 1999, Mother gave Father notice of her intention to move with their daughters to Cape Girardeau. Father filed a motion for an order prohibiting relocation and an affidavit in support of his motion. Following an evidentiary hearing in August of 1999, Father's motion was denied. Boone County Family Court Commissioner, Sara Miller, entered an order on December 6, 1999, denying Father's request to prohibit relocation of the parties' daughters and granting Mother leave to relocate to Cape Girardeau. On December 15, 1999, Father filed an application for rehearing and for

immediate stay of the commissioner's order. Pursuant to Father's motion for rehearing, the parties appeared before Judge Ellen Roper on December 27, 2000. The parties told Judge Roper that they had come to an agreement on how to modify the commissioner's order and wanted to testify as to their understanding of the agreement.

Father testified that he contacted Mother over the weekend prior to the rehearing in an attempt to come to an agreement suitable to both parties. After a discussion on the phone, they came to a verbal agreement that was later drafted into a proposed agreement. After both parties talked to their attorneys, changes were made to the agreement. The agreement was later incorporated into a proposed order following the hearing. Both parties testified as to their understanding of each aspect of the agreement. During Father's direct examination, the following colloquy occurred between Father and his counsel concerning relocation:

> Q: Okay. So with regard to Paragraph 1, which says that you're going to ask this Court to overrule your motion for or you're going to consent to this Court overruling your motion for a rehearing, and you're not going to ask her to stay the imposition of the allowance that your children get to relocate their primary residence to Cape Girardeau; correct ?
>
> A: Yes.
>
> Q: You're going to do that because you're entering into some other terms that are contained in the agreement also; is that correct ?
>
> A: That is correct.

After the hearing, Mother and Father filed a "Joint Motion to Reconsider Judgment and Order" which reads, in pertinent part:

> 1. This Court entered its Judgment and Order by docket entry on December 6, 1999.
>
> 2. Prior to a Formal Judgment being prepared and submitted for the Court's ruling, Respondent filed an application for rehearing and immediate stay.
>
> 3. In consideration of [Father] consenting to the overruling of the same, [Mother] agreed to consent to this Court reconsidering its December 6, 1999 order and amending the order in accordance with the Judgment and Order attached hereto as Exhibit A; and both Parties hereby waive their right to a rehearing pursuant to Chapter 487 of the Revised Statutes of Missouri.
>
> Wherefore, the Parties hereto jointly pray, and hereby consent to, this Court enter its order reconsidering its Judgment and Order of December 6, 1999 and amending such order consistent with Exhibit A attached hereto.

Exhibit A was a proposed amended judgment that was adopted by Judge Roper in January of 2000. The amended judgment entered by the court-contained language that it was presented by the joint motion and consent of both parties. The amended judgment, under review here, expressly overruled Father's motion to prohibit relocation.

## I.

■ Mother's point on appeal is dispositive. Mother argues that this court does not have jurisdiction over the case because the trial court did not make a judicial determination of rights, in that the judgment entered by the trial court was a consent judgment agreed upon by the parties.

■ The right to appeal in Missouri is statutory. Section 512.020 confers the right to appeal upon "[a]ny party to a suit *aggrieved* by any judgment of any trial

court...." (emphasis added). A party is not aggrieved by a judgment entered pursuant to a voluntary settlement agreement. *Gaunter v. Shelton,* 860 S.W.2d 843, 844 (Mo.App.1993). A judgment entered pursuant to an agreement of the parties is not a judicial determination of rights and cannot be appealed. *In re A.H.,* 963 S.W.2d 374, 377 (Mo.App.1998); *St. Louis Airport Hilton v. Marriott Corp.,* 888 S.W.2d 752, 753 (Mo.App.1994); *Cook v. Jones,* 887 S.W.2d 740, 741 (Mo.App.1994); *Hudson v. Hudson,* 865 S.W.2d 405, 408 (Mo.App.1993); *Gaunter,* 860 S.W.2d at 844; *Cheffey v. Cheffey,* 821 S.W.2d 124, 125 (Mo.App. 1991). "A party is estopped or waives his right to appeal when a judgment is entered at his request." *Cheffey,* 821 S.W.2d at 125.

In this case, Father and Mother entered into an agreement, filed a joint motion asking the court to reconsider its judgment and order, and attached to the motion an exhibit of a proposed judgment and order in which the court would overrule Father's motion to prohibit relocation. The trial court subsequently adopted the judgment and order suggested by the parties. Father cannot now appeal from a judgment that he previously agreed to. As such, Father's appeal is dismissed.

All concur.