Thomas H. NATIONS, As Successor
Trustee of the Marie C. Hoff
Trust, Respondent,

v.

Gerald T. HOFF, Appellant.

No. ED 79787.

Missouri Court of Appeals,
Eastern District,
Division One.

May 28, 2002.

Gerald T. Hoff, Ballwin, MO, pro se.

Thomas H. Nations, St. Louis, MO, for respondent.

WILLIAM H. CRANDALL, JR., Presiding Judge.

Gerald Hoff appeals from the consent judgment entered in this action involving three trusts. We dismiss the appeal.

In August 1998, the circuit court named Colleen Clear as successor trustee for the John E. Hoff Trust A, John E. Hoff Trust B, and the Marie C. Hoff Trust (collectively hereafter referred to as the Trusts). Colleen Clear as successor trustee of the Marie C. Hoff Trust brought an action against Marie Hoff's son, Gerald Hoff.[1] The circuit court thereafter granted the motion for Marie Hoff to intervene. Marie Hoff filed a motion to dismiss and counterclaim. Six other children of Marie Hoff intervened. At some point thereafter, Thomas Nations was appointed Marie Hoff's guardian and conservator of her estate. Nations was substituted for Marie Hoff in the litigation. Nations moved for summary judgment on Count II of Marie Hoff's counterclaim, which sought removal of Colleen Clear as trustee. Nations also moved for appointment of a new trustee pursuant to section 456.190 RSMo.2000. The circuit court removed Colleen Clear as trustee and appointed Nations as successor trustee of the Trusts. The court stated that there was no just reason for delay in entering the judgment. None of the parties appealed.

On May 23, 2001, the circuit court entered a "CONSENT DECREE AND JUDGMENT." This judgment states in

1. Extensive recitations of the parties' various allegations in their pleadings is unnecessary for disposition of this appeal.

part that "[b]y consent of the parties, the court hereby disposes of all of the remaining claims in the instant case by consent of all of the parties to the case . . . ." Gerald Hoff and the attorneys for all parties signed the judgment.

On July 2, 2001, Gerald Hoff filed a notice of appeal. The notice of appeal shows the May 23, 2001 consent judgment as the "Judgment or Order Appealed From." Colleen Clear filed a motion to dismiss the appeal arguing that a consent judgment is not appealable and that Gerald Hoff's brief fails to comply with Rule 84.04. Nations joined in this motion.

The right to appeal is statutory. *Segar v. Segar*, 50 S.W.3d 844, 846 (Mo. App. W.D.2001). Section 512.020 RSMo. 2000 confers the right to appeal upon "[a]ny party to a suit *aggrieved* by any judgment of any trial court. . . ." (emphasis added). Gerald Hoff is not "aggrieved" within the meaning of section 512.020 by the judgment made by his express consent. *See id.* "A judgment entered by consent of the parties is not a judicial determination of rights but is a recital of an agreement and is not appealable." *Rosemann v. Roto–Die Co., Inc.*, 947 S.W.2d 507, 510 (Mo.App. E.D.1997).

Here, Gerald Hoff's notice of appeal states that he is appealing from the May 23, 2001 consent judgment. The consent judgment is not appealable. Accordingly, Gerald Hoff's appeal is dismissed.

Appeal dismissed.

KATHIANNE KNAUP CRANE, J., and ROBERT G. DOWD, JR., J.: Concur.