Marion HENZE, Plaintiff/Respondent,

v.

Clara SCHALLERT, as Personal Representative of the Estate of Josephine Schallert, and Clara Schallert, Defendants/Appellants.

No. ED 81040.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 17, 2002.

James A. Stemmler, St. Louis, MO, for appellant.

Stuart L. Oelbaum, Nichols & Challis, St. Louis, MO, for respondent.

Before PAUL J. SIMON, P.J., GARY M. GAERTNER, SR., J. and KATHIANNE KNAUP CRANE, J.

PER CURIAM.

Defendant[1] appeals from the trial court's judgment in a will contest suit incorporating and making final its order of dismissal entered pursuant to the parties' consent. This appeal must be dismissed because defendant is not an aggrieved party and is estopped from challenging the validity of the judgment.

Decedent, Josephine Schallert, died testate on April 29, 1996. Plaintiff, Marion Henze, and defendant, Clara Schallert, are both cousins of the decedent. Decedent executed two wills, in 1982 and 1985. Under the 1982 will, plaintiff was the only survivor among the appointed personal representatives and was the sole surviving legatee. Under the 1985 will, defendant was appointed executrix and was the sole surviving legatee. On July 24, 1996, the 1985 will of decedent was admitted to probate and defendant was appointed as personal representative of the estate. After plaintiff's application to admit the 1982 will to probate was denied, plaintiff filed a petition, which was subsequently amended, to contest the 1985 will and to declare that the 1982 will was decedent's last will or, alternatively, that decedent died intestate.

After trial began, but before judgment, the parties agreed that the 1985 will was the last true will of decedent and that an administrator ad litem would administer the probate estate until plaintiff was paid $45,000 from the assets of the estate, at which point the defendant would be reinstated as personal representative. Upon consent of the parties, the court signed an order that set out this agreement, ordered the money to be paid within thirty days of the order, and dismissed the cause without prejudice "with the sole basis for setting

---

1. Clara Schallert was named as a defendant in both her capacity as personal representative and in her capacity as an individual. The pleadings and orders in the legal file refer to her by name without distinguishing the capacity in which she was acting. In this opinion we will refer to her as "defendant," without further distinction.

this order aside being failure to pay the above amount on time." Defendant, her attorney, plaintiff's attorney, and the trial judge signed the order.

On February 19, 1999, the court conducted a hearing on post-trial matters at defendant's request and afterwards entered an order that, in part, recorded that counsel for plaintiff had informed the court that the settlement money had been paid. Plaintiff's counsel subsequently filed a memorandum with the court reciting that the settlement had been fully performed in that plaintiff had been paid the settlement amount and that defendant had been reinstated as personal representative. At defendant's request, the court made the January 20, 1999 order of dismissal a final judgment on February 13, 2002.

■ Defendant attempts to appeal from the February 13, 2002 judgment on a number of grounds, including jurisdictional grounds. However, defendant is not an aggrieved party and is estopped from raising any jurisdictional defects in the judgment.

■ The right to appeal is statutory. Nations v. Hoff, 78 S.W.3d 222, 223 (Mo. App.2002). One prerequisite to the right to appeal is that the party seeking to appeal must be "aggrieved" by the judgment. Section 512.020 RSMo (2000); *Nations*, 78 S.W.3d at 223; St. Louis Airport Hilton v. Marriott Corp., 888 S.W.2d 752, 753 (Mo.App.1994). A judgment, order, or decree entered by consent of the parties is not a judicial determination of rights, but a recital of an agreement and cannot be appealed. *Marriott*, 888 S.W.2d at 753. A party is not "aggrieved" under Section 512.020 by a judgment entered pursuant to a voluntary settlement agreement. *Id.;* *Nations*, 78 S.W.3d at 223. Further, defendant is estopped from raising any jurisdictional defects in the judgment because she has accepted the benefits of the judg-

ment in her favor and has acquiesced in that part of the judgment which was against her. Community Trust Bank v. Anderson, 87 S.W.3d 58, 65–66 (Mo.App. 2002) (quoting Perkel v. Stringfellow, 19 S.W.3d 141, 149 (Mo.App.2000)).

The appeal is dismissed.