James M. Dowd, Presiding Judge
Dale E. Stucker (Father) appeals the trial court's judgment that dissolved his marriage to Karen E. Stucker (Mother). Father claims that the trial court erred by (1) denying his request for equal, alternating week-long periods of custodial time in the summer and (2) ordering that he pay Mother child support in the amount of $98 per month. We are unable to reach the merits of this appeal because Father waived his right to appeal by stipulating to *121 the entry of the judgment he now seeks to challenge. Appeal dismissed.
Discussion
In Missouri, the right to appeal is purely statutory. Henze v. Schallert, 92 S.W.3d 317, 319 (Mo.App.E.D. 2002). One prerequisite to the right to appeal is that the party seeking to appeal must be "aggrieved by" the judgment. Id. at 319 (quoting § 512.020[1] ). A party cannot be aggrieved within the meaning of § 512.020 when a court enters judgment pursuant to his express agreement. Nations v. Hoff, 78 S.W.3d 222, 223 (Mo.App.E.D. 2002), Indeed, it is generally held that a judgment, order, or decree entered by consent of the parties cannot be appealed, for it is not a judicial determination of rights, but a recital of an agreement. Henze , 92 S.W.3d at 319 ; State ex rel. and to Use of Fletcher v. New Amsterdam Cas. Co., 430 S.W.2d 642, 645 (Mo.App. 1968), So a party is estopped or is deemed to have waived his right to appeal when a judgment, order, or decree was entered at his request. Id. ; Segar v. Segar , 50 S.W.3d 844, 847 (Mo.App.W.D. 2001). And where the appellant lacks statutory authority to appeal, we lack jurisdiction and must dismiss the appeal. See Cook v. Jones , 887 S.W.2d 740, 741-42 (Mo.App.S.D. 1994) ; Segar , 50 S.W.3d at 846 ; Hagen v. Rapid Am. Corp. , 791 S.W.2d 452, 456 (Mo.App.E.D. 1990).
We find that the stipulation Father agreed to with Mother, which specifically "pray[ed] that the Court enter its Second Amended Judgment," results in the waiver of his right to appeal. A review of the record supports our conclusion as to the intent of the stipulation. The court held a bench trial on the parties' cross-petitions for dissolution of marriage. Following the bench trial, the court entered a judgment and then, after Father filed a motion to amend, the court entered a first amended judgment that, inter alia , denied Father's request for equal, alternating summer custody and ordered that he pay child support in the amount of $98 per month. Mother filed a motion to reopen trial for additional evidence regarding certain tax consequences of the judgment, and at the hearing on that motion, Father filed a motion for new trial. The court denied Father's motion, granted Mother's, and scheduled a second bench trial exclusively to address the tax issues.
Before the second bench trial could be held, however, the parties entered into and filed the stipulation, which provided in toto , "Comes Now Petitioner, and Comes also Respondent, by their respective attorneys, and do stipulate and agree that all post-trial motions filed by either side are withdrawn and do pray that the Court enter its Second Amended Judgment, per the interlineations previously filed with the Court." The trial court cancelled the scheduled bench trial and entered the stipulated Second Amended Judgment, which like the previous judgment denied Father's requested custody and ordered that he pay $98 monthly in child support. Father's only subsequent filing was his notice of appeal, by which he now attempts to dispute the validity of the Second Amended Judgment's custody and child support determinations to which he stipulated.
In light of these facts, we find that Father waived his right to appeal the Second Amended Judgment. He specifically "pray[ed]" for the entry of that judgment and consented to the withdrawal of all post-trial motions and thus cannot be held under § 512.020 to have been "aggrieved by" the Second Amended Judgment. New Amsterdam Cas. Co., 430 S.W.2d at 645 ;
*122 Nations, 78 S.W.3d 222, 223. If he wanted to dispute the validity of the Second Amended Judgment's custody and child support determinations, he should not have stipulated to them and to the withdrawal of all his post-trial motions.
We also reject Father's effort in violation of Rule 81.12[2] to inject into this case non-record evidence that the stipulation was meant as an agreement only to proposed amendments to the judgment related to tax issues. Rule 81.12 requires that the record on appeal contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision. And we consider only the record made before the trial court; the presentment of evidence extraneous to the record is not to be considered on appeal. Sleater v. Sleater, 42 S.W.3d 821, 822 n.1 (Mo.App.E.D. 2001) ; 8182 Maryland Assocs. Ltd. P'ship v. Sheehan , 14 S.W.3d 576, 587 (Mo.banc 2000). Thus, we conclude that this evidence Father presents for the first time on appeal, in opposition to Mother's motion to dismiss, is not properly before us.
Conclusion
Because Missouri law clearly provides that Father may not appeal a judgment entered at his request, this appeal must be dismissed.
Gary M. Gaertner, Jr., J., and Lisa P. Page, J., concur.

All statutory citations are to RSMo 2016.

All rules references are to the Missouri Supreme Court Rules (2016).