

# In the Missouri Court of Appeals
## Eastern District

SOUTHERN DIVISION

| | | |
|---|---|---|
| CITY OF CAPE GIRARDEAU, | ) | ED106181 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | Cape Girardeau County |
| v. | ) | 16CG-CC00223 |
| | ) | |
| ELMWOOD FARMS, L.P., f/k/a | ) | |
| ELMWOOD FARMS LIMITED | ) | Honorable Robin E. Fulton |
| FAMILY PARTNERSHIP, L.P., | ) | |
| | ) | |
| Respondent. | ) | Filed:  March 5, 2019 |

## OPINION

The City of Cape Girardeau ("City") appeals the judgment of the trial court awarding

heritage value damages to Elmwood Farms, L.P., f/k/a Elmwood Farms Limited Family

Partnership, L.P. ("Elmwood") in the City's condemnation proceeding against approximately

1.95 acres of Elmwood's property[1] to both create an easement for a recreational trail parallel to

and widen Bloomfield Road.  The City presents a case of first impression as to the trial court's

interpretation of Missouri's condemnation law, which was revised in 2006.  We affirm.

---

[1] Elmwood owns a total of 70.1 acres, which includes the land contiguous to the 1.95 acres of property at issue in the condemnation proceeding.  However, the parties agreed to use only the 17.2 acres abutting Bloomfield Road for purposes of appraisal and are solely at issue in this appeal.

## BACKGROUND

A judgment of condemnation was entered in favor of the City against the property and a commissioner's report was issued awarding damages for fair market value. Elmwood filed a motion to initially assess heritage value to the commissioner's award. The Honorable Benjamin F. Lewis held a hearing on July 19, 2016, and entered judgment denying Elmwood's motion to assess heritage value. Elmwood subsequently filed exceptions to the commissioner's report.

Elmwood and the City entered into a tentative settlement agreement and subsequent stipulation for consent judgment granting Elmwood $90,000.00 as fair market value for the property in lieu of a jury award. A consent judgment reflecting this agreement was entered, wherein the parties specifically stipulated the Honorable Robin E. Fulton would determine heritage value compensation. Judge Fulton held a hearing on October 5, 2016, and entered judgment awarding Elmwood $45,000 in heritage value. The City appeals.

## DISCUSSION

The City asserts three points on appeal. In its first point, the City claims the trial court erred in its interpretation of the legislative intent behind Section 523.039(3) RSMo (2016)[2] regarding the portion of property to be considered when determining whether the property owner was prevented from utilizing the property in substantially the same manner as it was being utilized at the time of the taking. In its second point, the City again contends the court erred in its interpretation of the meaning of the language in Section 523.039(3). Specifically, the City challenges the trial court's finding that the statute requires evaluation of the ability of the

---

[2] All further statutory references are to RSMo (2016).

property owner to exercise property rights in the "before" and "after" condition of the property by improperly compensating Elmwood for consequential damages already agreed to as fair market value in the consent judgment. Finally, in its third point, the City argues the trial court erred in permitting a second hearing on the question of heritage value because such a hearing is not authorized by Section 523.061.

## I.      Jurisdiction

As a threshold matter, we have a duty to consider whether we have jurisdiction before we address the issues presented on appeal, regardless of whether the question of jurisdiction is raised by the parties. *Cook v. Jones*, 887 S.W.2d 740, 741 (Mo. App. S.D. 1994) (internal citation omitted). The right to appeal is conferred upon parties by Section 512.020 RSMo (2016). The statute gives a party "aggrieved by any judgment of any trial court," the right to appeal.

Generally, where parties consent to a judgment, such judgment is not appealable because the party is not "aggrieved." *See Nations v. Hoff*, 78 S.W.3d 222, 223 (Mo. App. E.D. 2002). Here, the October 27, 2017 judgment entered by the Honorable Robin E. Fulton was entered pursuant to a consent judgment between Elmwood and the City, as reflected in the stipulation for consent judgment and the attached tentative settlement agreement. The stipulation stated the City elected to waive a jury determination and submit the question of heritage value to Judge Fulton.

We agree a true consent judgment that resolves all the issues by agreement is not appealable, and would not confer a right to appeal upon any party. *Nations*, 78 S.W.3d at 223. However, in this case the consent judgment did not resolve all the issues between the parties. Instead, in paragraph 2 of their agreement, the parties specifically required Judge Fulton to

3

determine the question of heritage value "as prescribed by Chapter 523.010 RSMo., et seq., for a final determination of damages." Thus, the City was sufficiently "aggrieved" by Judge Fulton's alleged failure to determine heritage value pursuant to Section 523.039(3). Therefore, we have jurisdiction to consider this appeal.

## II.    Standard of Review

Each of the City's three points on appeal asserts a challenge to the trial court's interpretation of the statutes governing condemnation proceedings and the determination of damages thereunder. The court's interpretation of a statute is a question of law. *Cook v. Newman*, 142 S.W.3d 880, 886 (Mo. App. W.D. 2004). In both points one and two,[3] the City contends the trial court misinterpreted Section 523.039(3) in its assessment of heritage value. Similarly, in point three on appeal, the city alleges the court erroneously interpreted Section 523.061 in conducting a second hearing on the issue of heritage value. Therefore, we review each of the City's three points *de novo*. *Id*.

## III.    The Trial Court did not Err in its Determination of Whether the Taking Prevented Elmwood from Utilizing Property in Substantially the Same Manner

The City's first two points each concern the trial court's interpretation of Section 523.039(3), thus we consider these points together. In its first point, the City argues the trial court erroneously stated the legislative intent behind Section 523.039(3) regarding what property is to be considered when determining whether the property owner could utilize the property in substantially the same manner as it was being utilized on the day of the taking. According to the City, the legislative intent behind the statutory provision is to consider the utilization of the remaining property and not just the condemned property. Point two challenges the trial court's

---

[3] In point two, the City discusses the evidentiary basis for both decisions regarding heritage value. However, the City's point on appeal only asserts error in the trial court's interpretation of the relevant statutes, not the sufficiency of the evidence supporting the assessment of heritage value.

4

interpretation of the word "utilize." The City contends the trial court erred in interpreting "utilize" to mean the ability to exercise property rights in the "before" and "after" condition of the property.

Our primary objective in resolving questions of statutory construction is to determine the legislature's intent from the plain language used in the statute. *Newman*, 142 S.W.3d at 886. In doing so, we give the words used their plain and ordinary meaning, and we presume the legislature intended every word, clause, and sentence to have effect. *Id*. at 886, 892. Thus, if different terms are used in different subsections of the statute, then the legislature intended the terms to have different meaning and effect. *Id*. at 892.

The introduction to Section 523.039 states, "[i]n all condemnation proceedings filed after December 21, 2006, just compensation for condemned property shall be determined under one of the three following subdivisions. . . ."

Specifically, Section 523.039 (1) through (3) determines just compensation for condemned property by whichever yields the highest compensation applicable to the property. The relevant portion of the statute states:

(1) An amount equivalent to the *fair market value of such property*;

(2) For condemnations that result in a homestead taking, an amount equivalent to the *fair market value of such property* multiplied by one hundred twenty-five percent; or

(3) For condemnations of property that result in any taking that prevents the owner from *utilizing property* in substantially the same manner as it was currently being utilized on the day of the taking and involving property owned within the same family for fifty or more years, an amount equivalent to the sum of the *fair market value and heritage value*. . . . (emphasis added)

5

Subsections (1) and (2) refer to "such property." The use of the phrase "such property" in these subsections refers back to the condemned property previously discussed in the introduction of the statute. However, subsection (3) refers only to utilizing "property," omitting the word "such."

We presume the legislature intentionally omitted the word "such" in subsection (3). *See Jefferson ex rel. Jefferson v. Missouri Baptist Medical Center*, 447 S.W.3d 701, 708 (Mo. App. E.D. 2014) (we will not insert terms the legislature omitted under the guise of statutory construction). Therefore, the plain and ordinary meaning of the term "property," used in subsection (3), particularly when read in conjunction with subsections (1) and (2) and the statute in its entirety, indicates the legislature's intent that subsection (3) concerns the evaluation of the property as a whole, and not simply the portion of property subject to condemnation.

In this case, the trial court specifically found it would be compelled to reach the same result regardless of whether it considered only the 1.95 acre portion of property subject to condemnation or the entire 17.2 acre tract of property as a whole. Thus, we find the trial court correctly interpreted Section 523.039(3) and determined heritage value based upon the evidence of Elmwood's utilization of the whole tract of property rather than only the condemned portion.

In point two, the City also challenges the trial court's interpretation of the term "utilize" as set forth in Section 523.039(3). The plain language of the statute requires the court to assess heritage value if the taking "prevents the owner from utilizing property in substantially the same manner as it was currently being utilized on the day of the taking." Application of Section 523.039(3) begins the day of the taking for this analysis.

6

This is simply another way of stating the "before" and "after" consideration the trial court set forth in its judgment. The court was required to consider how the property is being utilized on the day of the taking ("before") and how the property was being utilized thereafter ("after") in determining whether heritage value should be awarded.

The trial court considered the evidence presented at the October 5, 2017 hearing, and relying upon the record as a whole, the court concluded the taking prevents Elmwood from utilizing the property in substantially the same manner as it was currently being utilized the day of the taking.[4] The court's interpretation of Section 523.039(3) in its decision to award Elmwood heritage value in this case was consistent with the plain language of the statute and consistent with the City's own assertion of the manner in which heritage value should be determined. Thus, the court did not err in awarding Elmwood heritage value. Points one and two on appeal are denied.

**IV.     The City is Estopped from Asserting its Claim on Appeal**

In its third point on appeal, the City claims the trial court erred in conducting a second hearing on the issue of heritage value because the issue had already been decided by Judge Lewis. According to the City, Judge Lewis' judgment denying Elmwood's motion to assess heritage value constitutes the law of the case and a second hearing was not authorized by Section 523.061.

Pursuant to Section 523.061, once the commissioner's report is filed, the circuit judge, applying the provisions of Section 523.039, "shall determine whether heritage value is payable," and shall increase the award if such heritage value applies. If either party disputes this

---

[4] Although the City's points on appeal assert error in the trial court's interpretation of Section 523.039(3), and do not challenge whether there is substantial evidence to support this conclusion, we note *ex gratia* that there is substantial evidence to support the trial court's determination of heritage value under the statute.

7

determination, the statute further states, in relevant part, "a jury trial of exceptions occurs . . . [and] the circuit judge presiding over the condemnation proceeding shall apply the provisions of section 523.039 and shall determine . . . whether heritage value is payable and shall increase the jury verdict to provide for the additional compensation due . . . where heritage value applies, in accordance with the just compensation provisions of section 523.039." This effectively creates a second determination of heritage value which the City now disputes.

Elmwood filed exceptions to the commissioner's report following Judge Lewis' denial of the motion to assess heritage value pursuant to this statutory framework. Thus, Section 523.061 entitled Elmwood to a jury trial to determine fair market value. Then the circuit judge presiding over the condemnation jury proceeding would make a second final determination of heritage value.

However, in lieu of a jury trial, the parties entered into a tentative settlement agreement and stipulation for consent judgment. The parties agreed Elmwood was entitled to $90,000.00 as fair market value compensation for the taking. Specifically, paragraph 8 of the agreement, stipulation, and consent judgment states, in relevant part, "[t]he parties further stipulate and agree that [Elmwood's] entitlement to 'heritage value' shall be determined by the Honorable Robin E. Fulton." Thus, the parties simply waived a jury determination of fair market value and submitted the determination of heritage value to Judge Fulton, as set forth in the statute.

Not only was Elmwood entitled to a second statutory determination of heritage value, more importantly, a party cannot complain on appeal about procedure adopted by the trial court at its own request. *Hilton v. Crouch*, 627 S.W.2d 99, 102 (Mo. App. S.D. 1982). Nor may a party assert alleged error on appeal which, by his own conduct, he joined or acquiesced. *Id*. In its third point, while Elmwood was legally entitled to the proverbial "second bite of the apple,"

8

the City is appealing something it specifically consented to: the subsequent judicial determination of heritage value. The City cannot now assert that following such procedure was error. Accordingly, the City's third point on appeal is denied.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
Lisa P. Page, Chief Judge

Sherri B. Sullivan, J., and
Angela T. Quigless, J., concur.