

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

PENDRAGON PROPERTIES, LLC.,    )
     )
    Respondent,    )
v.    )    WD85365
     )
LATANYA HAYWOOD,    )    Filed:  May 16, 2023
     )
    Appellant.    )

### APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
### THE HONORABLE R. TRAVIS WILLINGHAM, JUDGE

Before Division One: W. Douglas Thomson, Presiding Judge,
Lisa White Hardwick, Judge, and Karen King Mitchell, Judge

LaTanya Haywood appeals from the consent judgment entered in an unlawful detainer action filed by her former landlord, Pendragon Properties, LLC ("Pendragon"). Haywood contends the circuit court erred in: (1) denying her motion for a change of judge; (2) awarding damages unsupported by the evidence; (3) failing to require service on fictitious defendants; and (4) denying her discovery request.  Because Haywood consented to the judgment taken against her, she is not an aggrieved party, and we must dismiss the appeal.

### FACTUAL AND PROCEDURAL HISTORY

In October 2021, Haywood entered into an agreement to lease residential property from Pendragon as a month-to-month tenant.  At the end of the month, Pendragon

1

decided to terminate the lease and notified Haywood to vacate the property by November 30, 2021. Haywood refused to vacate the property.[1]

In December 2021, Pendragon filed a petition for unlawful detainer alleging that, despite receiving a written notice terminating her right to possession of the property, Haywood continued to willfully hold possession of the property and refused to vacate. Pendragon alleged that Haywood owed $950 in rent and $825 in late fees while she was lawfully in possession of the property, plus $1,900 in statutory damages for each month during the pendency of the unlawful detainer action.

In February 2022, Haywood filed a motion for change of judge, which the court denied. In March 2022, Haywood filed a "Motion for Production of Documents," which the court had not ruled upon at the time the bench trial was held on April 14, 2022.

The court heard evidence at the bench trial with Haywood in attendance. Following the bench trial, the court entered a consent judgment which was signed by Haywood and counsel for Pendragon. Pursuant to the consent judgment, Haywood agreed to deliver possession of the property to Pendragon and pay $10,351.62 in lost rent, late fees, statutory damages of double the amount of rent while unlawfully in possession, special process server fees, costs, and interest. Haywood also agreed to pay damages at the rate of $1,900 per month every month until she restored possession of the property to Pendragon. Haywood now seeks to appeal the consent judgment.

---

[1] Instead of vacating the property, Haywood filed a petition for an injunction against Pendragon claiming that Pendragon threatened her with "unlawful eviction and removal without cause or reason." This case was later dismissed without prejudice for want of prosecution.

2

**ANALYSIS**

Haywood presents four points on appeal, contending the circuit court erroneously (1) denied her motion for change of judge; (2) awarded damages to Pendragon without any evidentiary support; (3) failed to require service on fictitious defendants; and (4) denied her discovery request. However, we cannot address these points because Haywood has no right of appeal from a consent judgment.

"The right to appeal is statutory." *Nations v. Hoff*, 78 S.W.3d 222, 223 (Mo. App. 2002). The legislature confers the right to appeal to parties aggrieved by a judgment. § 512.020(5).[2] "Generally, where parties consent to a judgment, such judgment is not appealable because the party is not 'aggrieved.'" *City of Cape Girardeau v. Elmwood Farms, L.P.,* 575 S.W.3d 280, 283 (Mo. App. 2019).

"A consent judgment is a judgment based on an agreement between the parties as to the terms, amount or conditions of the judgment rendered*." Prof'l Funding Co. v. Bufogle*, 617 S.W.3d 509, 513 (Mo. App. 2021) (internal quotations and citation omitted). "[I]t is generally held that a judgment, order, or decree entered by consent of the parties cannot be appealed, for it is not a judicial determination of rights, but a recital of an agreement." *Stucker v. Stucker*, 558 S.W.3d 119, 121 (Mo. App. 2018). Therefore, "a party is estopped or is deemed to have waived his right to appeal when a judgment, order, or decree was entered at his request." *Id.*

Haywood is not an aggrieved party within the meaning of Section 512.020 because she expressly consented to the April 14, 2022 judgment. *City of Cape*

---

[2] All statutory references are to the Revised Statutes of Missouri 2016.

*Girardeau,* 575 S.W.3d at 283.  She waived her right to appeal when she agreed to and signed the consent judgment.  *Stucker*, 558 S.W.3d at 121.  Accordingly, there is no statutory authority for this action, and we must dismiss the appeal.  *Id.*

**CONCLUSION**

The appeal is dismissed.

_____
LISA WHITE HARDWICK, JUDGE

All Concur.