

# In the Missouri Court of Appeals
## Eastern District

**DIVISION THREE**

| | | |
|---|---|---|
| SOPHIA D. CHATMAN, | ) | No. ED111310 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | |
| | ) | Honorable Virginia W. Lay |
| THOMAS CHATMAN, | ) | |
| | ) | |
| Respondent. | ) | Filed: August 15, 2023 |

Wife Sophia Chatman appeals from the circuit court's judgment dissolving her marriage to Husband Thomas Chatman. We dismiss the appeal because Wife lacks statutory authority to appeal, as the judgment was entered by consent of the parties.

**Facts**

Wife petitioned for dissolution of her marriage to Husband after nearly thirteen years of marriage. Husband and Wife entered into a property settlement agreement on November 8, 2022, that addressed the division of marital property. In particular, Husband and Wife agreed that the marital residence be sold, and that each party would receive fifty percent of the net sale proceeds, with Husband receiving $13,584.35 less than Wife for house expenses. Husband and Wife also agreed that Husband was to be awarded one-half of Wife's 401K plan accumulated during the marriage, less $13,744.08 which represented Wife's one-half share of Husband's 401K that was awarded in whole to Husband.

On this same date, November 8, 2022, the parties submitted an agreed-upon judgment to the circuit court that addressed issues of child custody, child support, maintenance, and the division of property and debts. The parties' property settlement agreement was attached as an exhibit to the agreed-upon judgment. Husband and Wife each executed a separate Affidavit for Judgment, by which each party avowed that the information contained in the judgment and all exhibits attached thereto were true and accurate according to their best information, knowledge and belief. The agreed-upon judgment was submitted to the circuit court upon Husband and Wife's affidavits. The circuit court found the property settlement agreement to be not unconscionable and incorporated the agreement into its judgment of dissolution.

Wife now appeals, raising issues regarding the division of marital property. First, she alleges the circuit court erred in approving the judgment and awarding Husband fifty percent of the net proceeds from the sale of the marital residence because Husband had waived his right and interest in the property. Secondly, Wife alleges the circuit court erred in not considering Husband's conduct during the marriage as well as his receipt of a substantial workers' compensation settlement. She argues that, pursuant to Section 452.330.1, both are factors the circuit court should have considered in dividing the parties' marital property. As a result, she contends the judgment is unduly weighted in favor of Husband.

Husband has filed a motion to dismiss this appeal, arguing that the judgment was entered by consent and consent judgments are not appealable. Husband's motion is well-taken.

### Discussion

"In Missouri, the right to appeal is purely statutory." *Stucker v. Stucker*, 558 S.W.3d 119, 121 (Mo. App. E.D. 2018). Applicable here, Section 512.020 confers the right to appeal upon "any party to a suit *aggrieved* by any judgment of any trial court…." Section 512.020 (emphasis added);

2

*Stucker*, 558 S.W.3d at 121; *Segar v. Segar*, 50 S.W.3d 844, 846 (Mo. App. W.D. 2001). "A party is not aggrieved by a judgment entered pursuant to a voluntary settlement agreement." *Segar*, 50 S.W.3d at 847; *Stucker*, 558 S.W.3d at 121. A judgment entered by consent of the parties cannot be appealed, for it is not a judicial determination of rights, but a recital of an agreement. *Stucker*, 558 S.W.3d at 121; *Segar*, 50 S.W.3d at 847. A party waives their right to appeal when a judgment is entered at their request. *Stucker*, 558 S.W.3d at 121; *Segar*, 50 S.W.3d at 847.

Wife would have us review the judgment as if the circuit court had reached the merits and had made a determination regarding the division of marital property. To the contrary, the dissolution judgment here was entered because the parties entered into an agreement and filed affidavits for judgment. There was no trial here; no evidence adduced; no testimony; no examination of the parties. The circuit court had no need to consider the factors in Section 452.330, regarding the division of marital property. This was a judgment by consent that Husband and Wife requested the circuit court to enter. The circuit court found the property settlement agreement to be not unconscionable and then entered judgment in conformity with the parties' request and agreed-upon judgment. The circuit court made no judicial determination regarding the division of marital property, but instead simply recited and memorialized the parties' agreement, including the disposition of the marital property as agreed to by Wife. Wife has not alleged error in the circuit court's determination that the property settlement agreement was not unconscionable.

Wife admits the circuit court's judgment was entered by the consent of the parties. Nonetheless, she urges us to deny Husband's motion to dismiss and reach the merits of her appeal because she was not represented by counsel in the settlement discussions and Husband's counsel misrepresented the terms of the settlement.[1] Wife provides no authority for her proposition, which

---

[1] We are sympathetic to the plight of *pro-se* litigants but they are held to the same standards as attorneys.

3

deviates from well-established law that an appeal is waived when a judgment is entered at the parties' request. A separation agreement and a judgment distributing the marital property in accordance with that agreement can be set aside upon the basis of fraud in the procurement of the agreement. *Grasse v. Grasse*, 254 S.W.3d 174, 180 (Mo. App. E.D. 2008). However, Wife has not alleged fraud, only that counsel's alleged misrepresentation was intentional, "bordering on fraud." Moreover, such a remedy of setting aside a consent judgment is only available when the moving party carries its burden of establishing the traditional elements of fraud.[2] *Id.* Wife did not produce evidence of fraud, and her argument consists only of generalized assertions and bare conclusions that do not reference, let alone establish the elements of fraud.

We additionally reject Wife's effort to inject evidence not in the record into this case. This Court only considers the record made before the circuit court. *Stucker*, 558 S.W.3d at 122. We cannot consider matters extraneous to the record. *Id.*; *St. Louis County v. Shanklin*, 616 S.W.3d 423, 429 (Mo. App. E.D. 2020). Wife includes multiple allegations and assertions of fact in her brief that have no evidentiary support in the record. For example, she asserts Husband was "repeatedly unfaithful to Wife during the marriage," that he had "repeatedly cheated during the marriage," and that he had "three children outside of the marriage," even asserting that he had three "bastard" children outside the marriage. Wife also asserts that she "discussed the issues of the dissolution with Husband's counsel the day of the court setting and was told by both the attorney for Husband and the judge that she had no alternative but to accept the judgment as written up by Husband's counsel." As to the marital residence, she asserts Husband waived his interest in the residence by a signed waiver of marital interest. She asserts she made the down payment on

---

[2] Those elements are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of the falsity; (5) his intent that the statement should be acted upon by the other party in the manner contemplated; (6) that party's ignorance of the falsity; (7) reliance on the truth; (8) the right to rely thereon; and (9) injury. *Grasse*, 254 S.W.3d at 180.

4

the residence with her own funds totaling $3,000, and that at the time of the dissolution the residence was valued at $115,000. Wife makes these assertions without citation to the record, as required. We find no citations. Our review reveals the record is devoid of any evidentiary support for the assertions. The only place in the record that these assertions can be found are in Wife's motion to set aside, modify, or amend the judgment, which, of course, is not evidence. The assertions and allegations contained in Wife's motion are not self-proving, and this Court may not rely on them as providing factual support for Wife's arguments on appeal. *McKinney v. Smith*, 520 S.W.3d 533, 541 (Mo. App. S.D. 2017).

## Conclusion

Where an appellant lacks statutory authority to appeal, we must dismiss the appeal. *Stucker*, 558 S.W.3d at 121. Wife is not "aggrieved" within the meaning of Section 512.020 by a judgment entered pursuant to a voluntary settlement agreement. Missouri law clearly provides that Wife may not appeal a judgment entered at her request. *Stucker*, 558 S.W.3d at 122. Wife lacks statutory authority to appeal. Accordingly, we grant Husband's motion and dismiss this appeal.


Angela T. Quigless, Judge


Lisa P. Page, P. J., and
Gary M. Gaertner, Jr., J., concur.