

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

JERRY CARL AND BETH
(ELIZABETH) STEELE,

        Respondents,

v.

JORDAN HARTMAN,

        Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

WD87506

Opinion filed:  July 15, 2025

### APPEAL FROM THE CIRCUIT COURT OF ADAIR COUNTY, MISSOURI
### HONORABLE THOMAS P. REDINGTON, JUDGE

Division Three:  Edward R. Ardini, Jr., Presiding Judge,
Alok Ahuja, Judge and Thomas N. Chapman, Judge

Jordan Hartman ("Father") appeals the judgment of the Circuit Court of Adair County ("trial court") awarding grandparent visitation rights to Jerry Steele and Elizabeth Steele ("Grandparents").

Grandparents filed a petition for visitation relating to their granddaughter ("Child"). Child's natural parents are Father and Mother. Mother died in 2020. Grandparents are Mother's parents. Father filed multiple motions to dismiss Grandparents' petition, asserting that his wife ("Stepmother") adopted Child, and thus Grandparents were no longer Child's grandparents and they lacked standing to seek visitation rights. The trial court denied the

motions. Thereafter, the parties settled the matter and submitted a consent judgment to the trial court, in which the parties agreed that the allegations contained in Grandparents' petition were true and Grandparents shall be awarded eight hours of visitation with Child monthly. The trial court signed and entered the consent judgment.

Father appeals, asserting Grandparents' "status as grandparents was terminated by the adoption" and thus they "are no longer 'grandparents' eligible for" visitation rights. But because Father appeals a consent judgment, we find he is not a party "aggrieved" by the judgment under section 512.020, RSMo.[1] As a result, there is no statutory authority for his appeal, and it must be dismissed.

## Factual and Procedural Background

In September 2021, Grandparents initiated this action seeking grandparent visitation. In their Amended Petition for Maternal Grandparents' Visitation ("Amended Petition") filed on January 26, 2022—the operative petition in this matter—they alleged that Child is the biological daughter of Mother, Mother died in an automobile accident in February 2020, Mother was their daughter, and they are the maternal grandparents of Child. They further alleged that since the March 2021 settlement of the automobile accident involving Mother, they have only been permitted to see Child by the paternal grandmother, and only on three occasions: twice in April 2021 and once in June 2021. They asserted that Father refused all of Grandparents' visitation requests and had "done so since April 3, 2021." Grandparents alleged that reasonable grandparent visitation would be in Child's

---

[1] All statutory references are to the Revised Statutes of Missouri 2016 unless otherwise noted.

best interest and would not endanger her physical health or impair her emotional development. They prayed to be awarded reasonable visitation with Child.

In his answer, Father denied that Grandparents were Child's grandparents "based upon the fact that on January 31, 2022, the Juvenile Division of [the trial court] entered its Judgment and Decree of Adoption thereby terminating the parental rights" of Mother. He admitted that Grandparents previously "were the maternal grandparents of [Child]," but asserted that "such designation has now been terminated due to the entry of the Judgment and Decree of adoption." Father also raised as an affirmative defense that Grandparents lacked standing to bring their petition because their rights were terminated by the judgment of adoption, and thus the trial court lacked jurisdiction. Father attached to his answer an uncertified copy of an adoption judgment that ordered Child "shall for all legal intents and purposes, be the child of [Father] and [Stepmother] as if born to them in lawful wedlock."

Father filed two motions to dismiss Grandparents' Amended Petition, both asserting Grandparents lacked standing to seek visitation because they were no longer Child's grandparents after Child was adopted by Stepmother.[2] The trial court denied both motions. The matter proceeded to trial in May 2024. At the outset of trial, Father "renew[ed] [his] request that the case be dismissed for lack of both jurisdiction and standing, as ha[d] been outlined in [his] second motion to dismiss." The trial court again overruled the motion. After two witnesses testified—Elizabeth Steele and Child's counselor—the trial court took a brief recess. When the trial court came "back on the record," it announced that "[t]he

---

[2] The first motion is not included in the record on appeal, but at the hearing on the second motion to dismiss, Father's counsel stated that the second motion raised the same issue as the first motion.

parties, after some discussion, have reached an agreement." The trial court "set the matter for review with the idea of entering a permanent order," and scheduled a hearing for August 26, 2024.

At the August 26th hearing, the trial court announced that it had "been handed a consent judgment signed by each of the parties." Father and Grandparents confirmed that the signatures on the consent judgment were theirs. The trial court stated that it was "going to approve the settlement of the case and enter this handwritten judgment as [its] judgment in the matter." The handwritten judgment was titled "Judgment & Order" and provided as follows:

> Now on the 26th day of August, 2024 comes the parties by Stipulation and Agreement on [Grandparents'] Amended Petition for Maternal Grandparent's [sic] Visitation. The parties hereby agree and it is courted [sic] ordered as follows:
>
> 1) The allegations as contained in [the Amended Petition] are true.
>
> 2) Maternal Grandparents (Petitioners) are hereby awarded 8 [hours] of unsupervised visitation monthly, beginning Sept. 2024, and shall continue each and every month thereafter.
>
> 3) The parties shall communicate via texting to set up said visits. Each party shall make the other party aware of their contact information should it change.
>
> 3a) No discussions about the minor child's biological mother shall occur unless the minor child initiates the conversation.
>
> 4) The [guardian ad litem] shall be awarded a reasonable fee of $2,000.00 which shall be split equally by the parties. The clerk shall release any funds now held.
>
> 5) This order shall replace the Temp[orary] Order dated the 20th day of May 2024.
>
> So Ordered!

4

Underneath were the signatures of the judge, Grandparents, Father, and Stepmother. This judgment—hereinafter referred to as the "consent judgment"—was entered on August 26, 2024.[3]

Father appeals.

## Analysis

Father asserts one point on appeal: "The trial court erred in denying the motions to dismiss because it misapplied the law in that [Grandparents'] status as grandparents was terminated by the adoption judgment and [Grandparents] are no longer 'grandparents' eligible for relief under section 452.402, RSMo," the statute governing grandparent visitation.[4] However, we are unable to reach the merits of this claim because Father lacks standing to appeal, and thus his appeal must be dismissed.

---

[3] "A consent judgment is a judgment based on an agreement between the parties as to the terms, amount or conditions of the judgment rendered." *Pendragon Props., LLC v. Haywood*, 671 S.W.3d 827, 829 (Mo. App. W.D. 2023).

[4] This statute provides, in part:

1. The court may grant reasonable visitation rights to the grandparents of the child and issue any necessary orders to enforce the decree when a grandparent has been unreasonably denied visitation for a period exceeding sixty days, and:

   (1) The parents of the child have filed for a dissolution of their marriage. . . .

   (2) One parent of the child is deceased and the surviving parent denies reasonable visitation to a parent of the deceased parent of the child; or

   (3) The child has resided in the grandparent's home for at least six months within the twenty-four month period immediately preceding the filing of the petition.

§ 452.402, RSMo Cum. Supp. 2021.

"Whether a party has standing to appeal a judgment is a jurisdictional question that appellate courts must address" prior to reaching the merits of the appeal. *Schieber v. Schieber*, 289 S.W.3d 256, 258 (Mo. App. W.D. 2009); *see also City of Cape Girardeau v. Elmwood Farms, L.P.*, 575 S.W.3d 280, 283 (Mo. App. E.D. 2019) ("As a threshold matter, we have a duty to consider whether we have jurisdiction before we address the issues presented on appeal . . . .").

"In Missouri, the right to appeal is purely statutory." *Stucker v. Stucker*, 558 S.W.3d 119, 121 (Mo. App. E.D. 2018). "One prerequisite to the right to appeal is that the party seeking to appeal must be 'aggrieved by' the judgment." *Id.* (quoting section 512.020); *see also Lane v. Lensmeyer*, 158 S.W.3d 218, 224 n.10 (Mo. banc 2005) ("Section 512.020 requires that a party be 'aggrieved' by a final judgment before having any right to appeal."). "A party is aggrieved when the judgment operates prejudicially and directly on his personal or property rights or interests and such effect is immediate and not merely a possible remote consequence." *Ameristar Jet Charter, Inc. v. Dodson Int'l Parts, Inc*., 155 S.W.3d 50, 57 (Mo. banc 2005) (internal marks omitted). "A party who has not been aggrieved by a judgment has no right or standing to appeal." *Howe v. Heartland Midwest, LLC*, 604 S.W.3d 774, 779 (Mo. App. W.D. 2020).

"A party cannot be aggrieved within the meaning of § 512.020 when a court enters judgment pursuant to his express agreement." *Stucker*, 558 S.W.3d at 121; *see also Pendragon Props., LLC v. Haywood*, 671 S.W.3d 828, 829 (Mo. App. W.D. 2023) ("Generally, where parties consent to a judgment, such judgment is not appealable because the party is not 'aggrieved.'"); *Chatman v. Chatman*, 673 S.W.3d 528, 530 (Mo. App. E.D.

2023) ("A party is not aggrieved by a judgment entered pursuant to a voluntary settlement agreement."). Because a party to a consent judgment is not "aggrieved" by the judgment, he has no authority to appeal the judgment. *See Pendragon Props.*, 671 S.W.3d at 829 (because the appellant "agreed to and signed the consent judgment," she was "not an aggrieved party within the meaning of section 512.020," and, as a result, there was "no statutory authority for" her appeal); *see also City of Cape Girardeau*, 575 S.W.3d at 283 ("[A] true consent judgment that resolves all issues by agreement is not appealable, and would not confer a right to appeal upon any party.").

Here, Father entered into a consent judgment, in which he "stipulat[ed]" and "agree[d]" that the allegations in Grandparents' Amended Petition were true and Grandparents were entitled to eight hours of unsupervised visitation with Child per month. Father was not aggrieved by the consent judgment because he agreed to its terms. Because he was not aggrieved by the consent judgment, he has no statutory authority—*i.e.*, he has no standing—to appeal it. As a result, we cannot address the merits of Father's appeal, as we do not have jurisdiction to do so. If we do not have jurisdiction to hear an appeal, we cannot resolve the merits of the appeal, even if the merits relate to questions of standing. *See Schieber*, 289 S.W.3d at 258-59 (refusing to "address the issue of whether [the appellant] had standing to bring the motion [before the trial court], because we find that she does not have standing to appeal the probate court's dismissal of her motion").

In making this determination, we are aware of the oft-cited principle that "standing issues cannot be waived, and may be asserted for the first time on appeal." *See, e.g.*, *Roark v. KC Pet Project*, 707 S.W.3d 699, 708-09 (Mo. App. W.D. 2024) (internal marks

7

omitted). While we acknowledge the general principle that a party cannot waive standing, and the lack of standing can be raised for the first time on appeal, we do not construe this principle to mean that a party's ability to challenge standing is without limit. Courts similarly hold that a party cannot waive a challenge to subject matter jurisdiction, and such a challenge can be raised "at any time,"[5] yet that does not mean a party's ability to attack subject matter jurisdiction is limitless. *See, e.g.*, *Cain v. Porter*, 309 S.W.3d 387, 389 (Mo. App. W.D. 2010) ("Even if this issue is properly characterized as one of 'subject-matter jurisdiction,' however, Porter is allowed one—and *only* one—opportunity to litigate it. Because Porter previously litigated this issue, lost, appealed, and then abandoned her appeal, she was precluded from raising the issue a second time by filing her present Rule 74.06(b) motion.").

Moreover, Father did not waive his challenge to Grandparents' standing: he raised the issue before the trial court and lost. Repeatedly. If he wanted to challenge the trial court's standing determination on appeal, he could have done so by proceeding to the conclusion of trial and, if aggrieved, appealing the final judgment entered by the trial court. *See Stucker*, 558 S.W.3d at 122 ("If [Father] wanted to dispute the validity of the Second Amended Judgment's custody and child support determinations, he should not have stipulated to them."). Instead, he elected to agree to eight hours of monthly grandparent visitation and the entry of a consent judgment, thereby eliminating the risk of a less favorable outcome for him had the trial court determined the case on the merits. Father

---

[5] *See, e.g.*, *McCracken v. Wal-Mart Stores East, LP*, 298 S.W.3d 473, 476 (Mo. banc 2009) ("Lack of subject matter jurisdiction is not subject to waiver; it can be raised at any time, even on appeal.").

cannot reap the benefits of both (1) mitigating his risk of an unfavorable outcome by settling the case and requesting the trial court enter a consent judgment and (2) challenging on appeal the trial court's determinations in the hope that he might obtain an outcome more favorable than the consent judgment. He elected to enter into the consent judgment, and must stand on that decision.

## Conclusion

Father was not aggrieved by the consent judgment, and thus lacks statutory authority to bring this appeal. Accordingly, his appeal is dismissed.

EDWARD R. ARDINI, JR., JUDGE

All concur.

9